## J. F. McCALLA v. CITY OF ROCKDALE, ET AL.

### No. 3360.   Decided December 20, 1922.

### (246 S. W., 654.)

**1.—Fees of Office—Statutory Construction.**

Statutes prescribing fees for public officers are strictly construed, and such fees are not to be permitted by implication, though the officer be required by law to perform specific services for which no compensation is provided.   (p. 213).

**2.—City—Independent School District—Assessment and Collection of Taxes.**

Article 2881, Revised Statutes, inhibits the payment to the assessor and collector of a city which has assumed control of the public schools within its boundaries, as provided by statute, of any compensation for assessing and collecting school taxes levied and collected by the city, out of such school taxes.   (p. 214).

**3.—Same.**

A city incorporated under the general law, and which also constituted an independent school district, by ordinance provided a commission of one per cent to the city assessor and collector for assessing and one per cent for collecting school taxes.   *Held*, that by article 2881, Revised Statutes, the city was prohibited from paying any compensation for such services, out of its general fund or otherwise.   The duty of assessing and collecting school taxes was imposed on the officer as an incident to his office, and by accepting such office he undertook its performance without other compensation than that which attached from assessment and collection of city taxes for other than school purposes.   McLennan County v. Boggess, 104 Texas, 311, followed.   (pp. 215, 216).

Questions certified from the Court of Civil Appeals for the Third District, on appeal from Milam County.

McCalla, Collector of taxes for the City of Rockdale, sued the city and the trustees of the independent school district thereof for compensation for assessing and collecting school taxes.   His suit being dismissed on his refusal to amend after a general demurrer to his petition was sustained, he prosecuted error to the Court of Civil Appeals.   That court, after affirming the judgment, on a motion for rehearing certified the questions to the Supreme Court by whom they were referred to the Commission of Appeals, Section A, for its opinion.   The same being adopted by the Supreme Court is certified to the Court of Civil Appeals as its answer.

*Chambers & Wallace* and *Hart & Patterson,* for appellant.

Under Article 2881, R. S., the City Council of a city incorporated under the general laws of the State, and which had theretofore voted

112 Tex.—14

a special tax for school maintenance purposes as provided by law, was authorized to pay its assessor and collector by ordinance, one per cent of such special school taxes so assessed and collected by the city as compensation for assessing and one per cent thereof as compensation for collecting; and if all of the taxes so levied and assessed had been paid into the treasury of the school without having paid therefrom the assessor and collector the compensation so allowed, he can recover the same from the Trustees of said schools. Constitution, Art. 3, Sec. 7; Art. 11, Sec. 10; R. S. 1911, Arts. 941, 2868, 2871, 2881, 2883, 5502; R. S. 1879, Arts. 3781 to 3783; R. S. 1895, Arts. 4004, 4005, 4010, 4013, 4014, 4028, 4029, 4033; Acts 27 Leg., Chap. 111, Sec. 4 p. 273; acts 26 Leg. 1st Called Session, Chap. 7, p. 18; Acts 29 Leg., Chap. 124, p. 263, Sec. 133, 136, 137, 144, 165; Ft. Worth v. Davis, 57 Texas, 226; Werner v. Galveston, 72 Texas, 23; 36 Cyc., 1106-8; 27 Cyc., 455; Art. 925, Vernon Sayles Sup., 1918, (amended Art. Act. 1918); Acts. 35 Leg. Ch. 169, p. 380. (Arts. 2876-7-8-9, Vernon Sayles Sup. of 1918).

If Art. 2881, R. S., under literal construction be held to inhibit the payment to a city assessor and collector of compensation for collecting the school taxes, it would necessarily follow that the same construction permitted the payment of compensation for assessing the said tax.

The City Council of a city incorporated under the general law was not prohibited by Art. 2881 R. S. from making compensation to its assessor and collector out of its general fund for assessing and collecting the special school taxes of such city. Oak Cliff v. Etheridge, 76 S. W., 602; City v. Farmer, 3 Wilson Civ. Cases, Sec. 351; Austin v. Johns, 62 Texas, 179; Houston v. Stewart, 90 S. W., 49.

Let it be said that by reason of Article 2881 the Assessor and Collector of a city or town cannot legally be paid out of the school fund, yet there is nothing in the provisions of this Statute to prevent the City Council from taking the assessment and collection for school purposes as a basis or as a part of the basis for the fee and commission to be paid to its Assessor and Collector. There must be something upon which to base his fees and commissions and undoubtedly the Council has the right to take as a basis anything pertaining to the assessment and collection that in their judgment will determine and give him proper compensation for his services. Suppose the Ordinance had provided that the fees and commissions should be a certain per cent of the assessments and collections for school purposes, could it be said that the Assessor and Collector was not entitled to be paid by the City for his services in assessing and collecting the City taxes?

*W. A. Morrison,* for City of Rockdale, appellee.

The city of Rockdale being incorporated under the general law and having been organized into a separate independent school district,

the city proper is not liable to the city tax assessor for either assessing or collecting the school taxes in said city.

Under the law of the State the city council is denied the power to pay the city tax collector for collecting school taxes, and if he is allowed any compensation for *assessing* the same, this amount must be paid by the school board out of the school fund and not by the city out of the general fund.

It is respectfully contended that the plaintiff's petition stated no cause of action against the city of Rockdale. It may be that the city tax assessor is entitled to one per cent commission for *assessing* the school taxes, but if so, that compensation must be paid out of the fund collected by him, which was never in the possession or under the control of the city, but in the possession and under the control of the school board, and, therefore, he must look to the school board for his compensation. Art. 2882.

*R. B. Pool* and *Henderson, Kidd & Henderson,* for Board of Trustees, appellees.

A public officer may receive from the public funds compensation for his services only when the law provides therefor; and the provision must be express and not by implication. Rev. Civ. Stats., Arts. 2815, 2827, 2836, 2850, 2861, 2862, 2867-2883; Board of Trustees v. Dow, 63 S. W., 1027; Hallman v. Campbell, 57 Texas, 54; Curtin v. Harris County, 203 S. W., 453.

In an independent school district, constituted of a city or town having an assessor and collector of taxes, the levy of taxes for school purposes is based upon the same assessment of property as the levy for other city purposes is based, and it is the duty of such city assessor and collector to perform the services necessary for gathering the taxes for school purposes, without compensation other than that paid him for assessing and collecting the city taxes. Rev. Civ. Stats., Art., 2881; Edwards v. Morton, 92 Texas, 152, 46 S. W., 793; Spence v. Fenchler, 107 Texas, 443, 180 S. W., 599; Sparks v. Kaufman County, 194 S. W., 605; Acts of 1905, Chap. 124, Sec. 165.

The public school fund may be expended only as expressly provided by law. In no case has a city council authority to appropriate, or direct the expenditure of, money collected for school purposes. Rev. Civ. Stats., Arts. 2772, 2880-2882; Board of Trustees v. Dow, 63 S. W., 1027; and authorities cited above.

It was the purpose and intention of the Legislature to prevent city assessors and collectors from receiving unearned revenues. And the evident meaning of Art. 2881 is that the city assessor and collector shall perform the service necessary for collecting, that is gathering in, the taxes for school purposes, without compensation other than that paid him for assessing and collecting city taxes. He could not collect, or gather in, the taxes without first assessing them; and the word "collecting" as first employed in the language above

quoted is used in the broader sense of "gathering in," and includes the service of assessing.

MR. JUSTICE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals certified certain questions hereinafter set out and based the same upon a statement submitted therewith.

This statement shows that J. F. McCalla, assessor and collector of taxes for the city of Rockdale, Texas, and designated in said certificate as appellant, sued said city and the trustees of the Rockdale Independent School District, designated in said certificate as appellees, for certain commissions claimed to be due him as compensation for assessing and collecting school taxes of the district for the years 1916 and 1917, and for assessing same for the year 1918. The trial court sustained the general demurrer of both appellees. Appellant declined to amend, and the cause was dismissed, from which this appeal resulted.

Appellant based his right to such compensation upon Article 941, Revised Statutes, which was originally enacted in 1875. This statute prescribes the duties and fixes the compensation of the assessor and collector of cities and towns incorporated under the general law. The applicable portion thereof is as follows:—

"The assessor and collector shall receive such fees and commissions for his services as may be allowed by the ordinances of the city."

The petition alleged the enactment of an ordinance by the city in 1902, providing a commission of one per cent to the assessor and collector for assessing, and one per cent for collecting school taxes, and that such ordinance was in force during the years for which commissions are claimed.

The Court of Civil Appeals affirmed the judgment of the trial court. Appellant filed a motion for rehearing pending consideration of which that court certified to the Supreme Court the following questions:—

"1. Does Article 2881, Revised Statutes, inhibit the payment to the assessor and collector for a city which has assumed control of the public schools within its boundaries, as provided by statute, any compensation for assessing or collecting school taxes, levied and collected by the city, out of such school tax?"

"2. If said Article 2881 does prohibit the payment out of the school fund of compensation for assessing or collecting the school tax, or both, does it also prohibit the city council from paying such compensation out of its general fund, or otherwise?"

"3. If Article 2881 does not inhibit the allowance of compensation both for assessing and collecting such school taxes, does it deny compensation for collecting the same?"

The courts of this State have adopted the rule construing strictly those statutes prescribing fees for public officers and against permitting such fees by implication. No officer is permitted to collect fees or commissions unless the same are provided for and the amount thereof declared by law. This is true, notwithstanding such officer may be required by law to perform specific services for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer is deemed to have engaged to perform them without compensation by his acceptance thereof. McLennan County v. Boggess, 104 Texas, 311, 315-316; State v. Moore, 57 Texas, 307, 320-321; Hallman v. Campbell, 57 Texas, 54.

Art. 941 Revised Statutes, upon which appellant bases his claim in this case is a part of the statutory charter for cities and towns incorporated under the general law. It was enacted in 1875 and has been continued in force without amendment until the present time. The original act contained no provision for control of public free schools by such cities and conferred no power to levy, assess or collect taxes for their support. 8 Gammell's Laws, p. 485. The article, when enacted, necessarily applied only to assessing and collecting municipal taxes such as were authorized by that act. Thereafter, the legislature enacted various laws authorizing cities and towns having assumed control of the public free schools within their limits to levy, assess and collect taxes for the erection of school buildings and the support and maintenance of such schools. None of these acts, so far as we have been able to discover, contained any affirmative provision allowing the assessor and collector of an incorporated city or town constituting in itself an independent school district, compensation for his services in connection with the assessment and collection of such taxes or which expressly authorized either the city or the school trustees to allow compensation therefor.

The legislature, by the act of February 21, 1900, provided the manner of selecting trustees in independent school districts and for their organization by the election of necessary officers. This act, so far as the matter of assessing and collecting school taxes was concerned, applied to all the independent districts in the State, with two exceptions. It made no provision for the election of an assessor and collector of taxes in any independent district, but provided that in such districts having a city assessor and collector that officer should assess and collect the taxes for school purposes and that in such districts having no such city officer the county assessor and county collector, respectively, should assess and collect the school taxes as other taxes were assessed and collected. No provision for compensation to any of such officers was made by this act. General Laws, 26th Leg., 1st Called Session, p. 18. The section of this act which provided for the organization of the board of trustees and for the

assessment and collection of school taxes was amended by the Act of April 18, 1901. Gen. Laws. 27th Leg. p. 273. This amendment expressly provided that in independent districts in cities or towns having a city assessor and collector of taxes, that officer should assess and collect the taxes for school purposes and that he should receive no other compensation for collecting school taxes than the compensation paid him for assessing and collecting other city taxes. This provision, without material change, has been in force continuously since that time and now constitutes a part of Art. 2881 of the Revised Statutes.

The ordinance on which appellant bases his claim was passed in 1902. The city of Rockdale at that time was not vested with any authority to manage and control public schools within its limits. Art. 4022, Revised Statutes of 1895 conferring such authority was expressly repealed by said Act of February 21, 1900. The control and management of the schools of said independent district and the authority to expend its school funds were then vested solely in its board of trustees. This ordinance, so far as it attempted to authorize appellant to retain or receive any part of the school fund as commissions for collecting school taxes was contrary to the provisions of the statutes referred to and such commissions were prohibited thereby.

Appellant claims that because the statute does not in express terms prohibit compensation for assessing taxes that he is in any event entitled to the commission allowed by said ordinance for assessing the school taxes. The act under consideration should be construed in the light of the entire legislation on the subject in this State. Independent districts in unincorporated cities and towns were first authorized by the act of April 6, 1881. 9 Gammell's Laws, p. 206. That act provided for the election by the board of trustees of an assessor and collector of taxes for the district and provided that he should receive such compensation for his services as the board of trustees might allow, not to exceed 4% of the whole amount of taxes collected by him. It will be noted that only one office was created and the work of both assessing and collecting was to be performed by the officer holding the same and, that his compensation was to be measured solely by the amount of school taxes actually collected. Subsequently, by the act of 1905, Gen. Laws, 29th Leg., p. 263, Sec. 165, such independent districts, while still authorized to elect a district assessor and collector, were also authorized to have their taxes assessed by the county tax assessor and collected by the county tax collector at their option, which provisions now constitute a part of Article 2862 of the Revised Statutes. Every law passed by the legislature providing for the assessment and collection of taxes in independent school districts not incorporated for municipal purposes by a district assessor and collector has pro-

vided, so far as we have been able to discover, that his compensation both for assessing and collecting, should not exceed 4% of the taxes actually collected. All these statutes have provided that the compensation of such officer, both for assessing and collecting, should be based upon and measured by the amount of school taxes actually collected. It is true that the law allows the county assessor and county collector one per cent, respectively, for assessing and collecting school taxes for an independent district. The work of assessing and the work of collecting is in such cases necessarily performed by separate and distinct officers. The amount allowed both is in the aggregate only one-half the amount allowed when the same work is done by the district assessor and collector. Evidently, the Legislature had in mind the fact that these county officers received compensation for assessing and collecting county taxes and allowed such small additional compensation for their services in connection with the school taxes merely to compensate them for the additional work of separating the assessment and collection of school taxes for each separate independent district from the assessment and collection of ordinary taxes for the county as a whole. It is also true that the city assessor and collector, in assessing and collecting school taxes performs some additional work, but not as much additional work as such county officer, since the school tax is levied upon the assessment of property in the city as a whole and collected upon the same tax roll as municipal taxes for the assessment and collection of which he is compensated by the city.

The school fund has always been guarded by the legislature with jealous care. Even when specific compensation for assessing and collecting school taxes has been expressly provided, such compensation has always been much smaller than the compensation allowed by law for assessing and collecting ordinary taxes. This principle is recognized by the ordinance under which appellant claims. As set out in brief of counsel it allows him 2½% of all taxes assessed, and 5% of all taxes collected, respectively, for his services in assessing and collecting city taxes as against an allowance of one per cent for assessing and one per cent for collecting school taxes. We are unable, under the statutes under consideration, to distinguish between compensation for assessing and compensation for collecting school taxes, when such services are performed by the same officer, and we believe that compensation for both services is prohibited by Articles 2881 and 2882 of the Revised Statutes, both of which were in force at the time the claim asserted by appellant herein arose. The legislature imposed upon appellant the duty of assessing and collecting school taxes as an incident to his office and by accepting the same he is deemed to have engaged to perform such duty without compensation. McLennan County v. Boggess, supra. That the Legislature may have been more liberal to county officers perform-

ing similar services is no concern of his and cannot justify the courts in upholding his claim for compensation against a fair and reasonable interpretation of the statutes above referred to.

Appellant claims that he is entitled in the alternative to recover of the city of Rockdale the compensation allowed by said ordinance for assessing and collecting school taxes in event he is not permitted a recovery against the school district. The ordinance does not purport to make such compensation payable out of the funds collected by him for the city. By its express terms he is to receive one per cent of the school fund assessed and one per cent of such fund collected by him. This clearly implies, if it does not conclusively provide, that such compensation is to be received from, or out of, such fund. However, since the statute prohibits appellant from receiving compensation for his services in assessing and collecting the school taxes other than the compensation paid him for assessing and collecting city taxes we think that it prohibits the city from paying the commissions claimed by appellant out of its general fund.

We recommend that the first and second questions submitted be answered as follows:—

1. Art. 2881 Revised Statutes, inhibits the payment to the assessor and collector of a city which has assumed control of the public schools within its boundaries as provided by statute, any compensation for assessing or collecting school taxes levied and collected by the city out of such school taxes.

2. Said Art. 2881 of the Revised Statutes does prohibit the city of Rockdale from paying the compensation claimed by appellant under the ordinance in question out of its general fund, or otherwise.

In view of the answers recommended to be returned to questions 1 and 2, it is unnecessary to answer question No. 3.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.