

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXSON~~
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
AUstin, Texas

Dear Sir:

Opinion No. O-1713
Re: Would the county attorney and
justice of the peace under the
facts set forth be entitled to
regular examining trial fees in
the four cases?

Your request for an opinion on the above stated question
has been received by this Department.

Your letter reads in part as follows:

"A defendant is charged with four burglaries
in Wise County, and when complaints were filed
in the Justice Court it was found that the de-
fendant was in jail at Fort Worth. The defen-
dant's attorney appeared before the Justice
Court at Decatur and arranged a bond. The de-
fendant was not present and no Examining Trial
was held. The attorney, however, took state-
ment from the officer regarding each case.
Would the County Attorney and Justice of the
Peace be entitled to regular Examining Trial
Fees in these four cases?"

Article 1020, Code of Criminal Procedure, reads as fol-
lows:

"In each case where a County Judge or a
Justice of the Peace shall sit as an examining
court in a felony case, they shall be entitled
to the same fees allowed by law for similar
services in misdemeanor cases to Justices of
the Peace, and ten cents for each one hundred
words for writing down the testimony, to be
paid by the State, not to exceed Three and No/
100 ($3.00) Dollars, for all his services in
any one case.

"Sheriffs and Constables serving process and

attending any examining court in the examina-
tion of any felony case, shall be entitled to
such fees as are fixed by law for similar ser-
vices in misdemeanor cases in County Court to
be paid by the State, not to exceed Four and
No/100 ($4.00) Dollars in any one case, and
mileage actually and necessarily traveled in
gdng to the place of arrest, and for conveying
the prisoner or prisoners to jail as provided
in Articles 1029 and 1030, Code of Criminal
Procedure, as the facts may be, but no mileage
whatever shall be paid for summoning or at-
taching witnesses in the county where case is
pending.  Provided no sheriff or constable shall
receive from the State any additional mileage
for any subsequent arrest of a defendant in the
same case, or in any other case in an examining
court or in any district court based upon the same
charge or upon the same criminal act, or growing
out of the same criminal transaction, whether the
arrest is made with or without a warrant, or be-
fore or after indictment, and in no event shall
he be allowed to duplicate his fees for mileage
for making arrests, with or without warrant, or
when two or more warrants of arrest or capiases
are served or could have been served on the same
defendant on any one day.

"District and County Attorneys, for attend-
ing and prosecuting any felony case before an
examining court, shall be entitled to a fee of
Five and no/100 ($5.00) Dollars, to be paid by
the State for each case prosecuted by him be-
fore such court.  Such fee shall not be paid ex-
cept in cases where the testimony of the material
witnesses to the transaction shall be reduced to
writing, subscribed and sworn to by said witnes-
ses; and provided further that such written test-
imony of all material witnesses to the transac-
tion shall be delivered to the District Clerk
under seal, who shall deliver the same to the
foreman of the grand jury and take his receipt
therefor.  Such foreman shall, on or before the
adjournment of the grand jury, return the same
to the clerk who shall receipt him and shall
keep said testimony in the files of his office
for a period of five years.

"The fees mentioned in this Article shall be-
come due and payable only after the indictment

of the defendant for an offense based upon
or growing  out of the charge filed in the ex-
amining court and upon an itemized account,
sworn to by the officers claiming such fees,
approved by the Judge of the District Court,
and said County or District Attorney shall pre-
sent to the District Judge the testimony tran-
scribed in the examining trial, who shall ex-
amine the same and certify that he has done so
and that he finds the testimony of one or more
witnesses to be material; and provided further
that a certificate from the District Clerk,
showing that the written testimony of the ma-
terial witnesses has been filed with said Dis-
trict Clerk, in accordance with the preceding
paragraph, shall be attached to said account
before such District or County Attorney shall
be entitled to a fee in any felony case for
services performed before an examining court.

"Only one fee shall be allowed to any of-
ficer mentioned herein for services rendered
in an examining trial, though more than one
defendant is joined in the complaint, or a
severance is had. When defendants are proceed-
ed against separately, who could have been pro-
ceeded against jointly, but one fee shall be
allowed in all cases that could have been so
joined. No more than one fee shall be allowed
to any officer where more than one case is filed
against the same defendant for offenses growing
out of the same criminal act or transaction.
The account of the officer and the approval of
the District Judge must affirmatively show that
the provisions of this Article have been com-
plied with."

In an opinion written by Hon. Bruce W. Bryant, Assistant
Attorney General, September 9, 1932, this department held:

".........that a Justice of the Peace is en-
titled to his fees where the accused waives an
examining trial in any bailable case and con-
sents for the magistrate to require bail of
him. In such cases the Justice of the Peace,
sitting as a magistrate, enters his order bind-
ing the defendant over to the District Court to
await the action of the grand jury in his case,
and in such an instance the case has been tried
and finally disposed of within the meaning of

Article 1052. In such a case every thing has been done that could have been done upon a full hearing and trial. The defendant has admitted, by waiving his right to an examining trial, that the State has testimony ready to introduce upon the trial of the case which would justify the magistrate in binding the defendant over to the District Court.

"You are therefore advised that in all felony cases filed before a Justice of the Peace, sitting as a magistrate, where no examining trial has been held or where the defendant does not waive his right to an examining trial, that the Justice of the Peace is not entitled to any fee for his services so rendered."

Hon. Homer C. DeWolfe, Assistant Attorney General, in a letter opinion to Hon. John O. Harris, County Attorney, Coleman, Texas, dated February 17, 1933, in passing upon a similar question reached the same conclusion as above set forth in the opinion written by Judge Bryant.

We quote from the case of McCalla vs. City of Richdale, 246 SW 654, as follows:

"The courts of this State have adopted the rule construing strictly those statutes prescribing fees for public officers and against permitting such fees by implication. No officer is permitted to collect fees or commissions unless the same are provided for and the amount thereof declared by law. This is true, notwithstanding such officer may be required by law to perform specific services for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer is deemed to have engaged to perform them without compensation by his acceptance thereof."

Articles 245 and 299 of the Code of Criminal Procedure read as follows:

"Art. 245. When the accused has been brought before a magistrate, that officer shall proceed to examine into the truth of the accusation made, allowing the accused, however, sufficient time to procure counsel."

"Art. 299.   The accused may waive an examin-
ing trial in any bailable case and consent for
the magistrate to require bail of him; but the
prosecutor or magistrate may examine the witnesses
for the State as in other cases.   The magistrate
shall send to the proper clerk with the other
proceedings in the case a list of the witnesses
for the State, their residence and whether ex-
amined."

In the case of Brown vs. State, 118 S.W. 135, among other
things, the court held that a magistrate cannot sit as an exam-
ining court or conduct an examining trial until he has the
party under arrest and before him.

Under the facts stated in your inquiry, the accused was
neither present nor before the magistrate when the county at-
torney took the statements from the officer regarding each case;
nor did the defendant waive an examining trial; as he was not
present, there could not have been an examining trial or a
waiver of the same by him under the opinion of the court in the
case of Brown vs. State, supra.

In view of the foregoing authorities and under the facts
set forth in your letter, you are respectfully advised that it
is the opinion of this Department that neither the county attor-
ney nor the justice of the peace would be entitled to any ex-
aming trial fees in the cases mentioned in your inquiry.

Trusting that the foregoing answers your question, we
remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:AW:wc

APPROVED DEC 7, 1939
s/Geral C. Mann
Attorney General of Texas

Approved Opinion Committee By s/BWB Chairman