

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. David Cole
County Auditor
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. 0-1059
Re: What fees should the clerk of
the district court in Stephens
County receive on felony cases
on which indictments were duly
returned and filed and which
were pending on the docket of
the court prior to the preced-
ing presidential election?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"In this (Stephens) County at the last
preceding presidential election more than
3,000 votes were cast, which was the first
time in the history of the county the vote
had exceeded said 3,000 mark.

"The clerk of the district court of this
county has always received Ten Dollars final
disposition fee in felony cases prior to said
last presidential election, since which time
however said clerk has received Eight Dollars
in accordance with said above captioned Article.

"And now the question on which I desire
a ruling on is as follows:

"In felony cases on which indictments were



duly returned and filed, and which cases were pending on the docket of said court, and work and duties practically completed by the clerk in reference to such cases, prior to said preceding presidential election at which more than 3,000 votes were cast, is such clerk entitled to receive only Eight Dollars as a final disposition fee, or shall he be entitled to receive Ten Dollars as such final disposition fee, bearing in mind however such cases were not finally disposed of by the court until after the election in question."

Article 1026, C. C. P. reads as follows:

"In each county where there have been cast at the preceding presidential election 3,000 votes or over, the district clerk or criminal district clerk shall receive the following fees: Eight dollars for each felony case finally disposed of without trial or dismissed, or tried by jury whether the defendant be acquitted or convicted; eight cents for each one hundred words in each transcript on appeal or change of venue; eighty cents for entering judgment in habeas corpus cases, and eight cents for each one hundred words for preparing transcript in habeas corpus cases. In no event shall the fees in habeas corpus cases exceed eight dollars in any one case. In each county where less than 3,000 such votes have been so cast, such clerk shall receive ten dollars for each felony case so disposed of, and ten cents for each one hundred words in such transcripts, and one dollar for entering judgment in each habeas corpus. The district clerk of any county shall receive fifty cents for recording each account of the sheriff."

Article 1027, C. C. P. reads as follows:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the



punishment which may be assessed is a fine,
jail sentence or both such fine and imprison-
ment in jail, the State shall pay no fees to
any officer, except where the defendant is
indicted for the offense of murder, until
the case has been finally disposed of in the
trial court. Provided the provisions of this
Article shall not be construed as affecting
in any way the provisions of Article 1019,
Code of Criminal Procedure, as amended by
Chapter 205, General Laws, Regular Session,
Forty-second Legislature; provided this shall
not apply to examining trial fees to County
Attorneys and/or Criminal District Attorneys."

We quote from Texas Jurisprudence, Vol. 34, page
508, as follows:

"Statutes prescribing fees for public
officers are strictly construed; and hence
a right to fees may not rest in implication.
Where this right is left to construction, the
language of the law must be construed in favor
of the government. Where a statute is capa-
ble of two constructions, one of which would
give an officer compensation for his services
in addition to his salary and the other not,
the latter construction should be adopted. It
is no concern of an officer that the Legisla-
ture may have been toward other officers more
liberal than toward him in the matter of com-
pensation for services; nor does this fact jus-
tify the courts in upholding his claim for com-
pensation for services as against a fair and
reasonable interpretation of the statutes. In
applying fee statutes and ascertaining the in-
tent of the legislature and the meaning of the sta-
tute, the usual methods and rules of interpre-
tation are applicable." (Also see the cases of
McCalla vs. City of Rockdale, 246 SW 654; Binford
vs. Robinson, 244 SW 807; Eastland County vs.
Hazel, 288 SW 518; Madden vs. Hardy, 50 SW 926.)



Hon. David Cole, Page 4


Under the above quoted statutes, the district clerk is entitled to no fee except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. It is immaterial as to when the indictment was returned in the case filed. The clerk is not entitled to his fee until there is a final disposition of the case in the trial court.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the district clerk in Stephens County is entitled to Eight Dollars for each felony case on which indictments were duly returned and filed when such cases are finally disposed of in the trial court, regardless of whether the indictments were returned and filed before or after the last preceding presidential election.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 8, 1939
AW:AN

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN