

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*O-23 Over Ruled by O-3032*

Department of Agriculture
Austin, Texas

Gentlemen:　　　　　Attention:　Charles F. Baughman

Opinion No. 0-3032
Re:　Payment of bond premiums of
　　　citrus fruit inspectors.

Your letter of January 8, 1941, submits the following question for the opinion of this department:

Whether the special rider appearing in Senate Bill 427, Acts of the Regular Session of the 46th Legislature, appropriating the fees and/or unexpended balances which have been received and which may be received by virtue of House Bill 500, Regular Session of the 42nd Legislature, as amended, and House Bill 888, Acts of the Regular Session of the 46th Legislature, for "other expenses incident to the proper administration of the above Acts" authorizes the use of said funds to pay the premiums upon the bonds of citrus fruit inspectors.

Section 10 of House Bill No. 500, Regular Session of the 42nd Legislature, reads in part as follows:

"Such inspectors shall make and file in
the office of the Secretary of State, the oath
required by the Constitution of this State,
and shall give a good and sufficient bond in
the sum of one thousand dollars ($1,000.00),
payable to the Governor of the State of Texas
and conditioned for the faithful performance
of the duties of such office."

This Act makes it the duty of the inspectors to furnish bonds. There is no provision in the statute or in the current appropriation bill providing for reimbursement to the inspector for the expenses incurred by him in furnishing the bond required by the statute.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is the rule that an officer or agent of the State is allowed only such compensation and emoluments as are expressly conferred upon him as remuneration for the discharge of his official duties as an agent of the State. McCalla v. City of Rockdale, 112 Tex. 209, 246 S. W. 654. It follows that any public officer or agent who demands mileage, fees or expenses must point out some statute authorizing its allowance. Where a duty requiring an expenditure of money is imposed upon a public officer or agent, and no provision is made for reimbursement to the officer by the State for the expenses incurred, such officer or agent is deemed to be repaid for the expenses incurred in the discharge of such duty by whatever compensation is allowed and paid to him for his services as such public agent.

Since there is no provision of the statute or of the appropriation bill conferring the right to reimbursement upon the inspectors for the expenses incurred by them in furnishing the bond required by law, you are advised that, in the opinion of this department, such bond premiums cannot be paid out of the appropriation to which you refer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R.W.Fairchild*

R. W. Fairchild
Assistant

RWF:GO

APPROVED JAN 14, 1941

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN