

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~LICENSETECHNIX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mr. Charles E. Baughman
Chief Clerk
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-2092
Re: Payment of premium on surety bond
of State official.

This will acknowledge receipt of your letter of March 15, 1940, wherein you ask the opinion of this department upon the question whether the premium on the surety bond furnished by Charles E. Baughman, Chief Clerk, Department of Agriculture, may be paid by the Department of Agriculture out of its contingent fund.

It appears that the appropriation bill provides no sum of money specifically for the payment of the bond premiums of employees of the Department.

Article 49, Revised Civil Statutes, 1925, provides for the appointment by the Commissioner of Agriculture of one chief clerk. Article 50, after prescribing the powers and duties of the chief clerk states that such chief clerk shall, before entering upon the duties of his position, take the oath required of the commissioner, and enter into bond in the sum of three thousand dollars with two or more sureties to be approved by the Governor, and payable to the State of Texas, conditioned for the faithful performance of his duties. There is no provision of general statute or current appropriation bill authorizing reimbursement to the chief clerk for expenses incurred by him in furnishing the bond required by statute.

It is the rule that an officer or agent of the State is allowed only such compensation and emoluments as are expressly conferred upon him as remuneration for the discharge of his official duties as an agent of the State. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654. It follows that any public officer or agent who demands mileage, fees or expenses must point out some statute authorizing its allowance. Where a duty requiring an expenditure of money is imposed upon a public officer or agent, and no provision is made to defray the same, such officer or agent is deemed to be repaid for the expenses incurred in the discharge of such duty by whatever compensation is allowed and paid to him for his services as such public agent. It is therefore apparent that, in order for the Chief Clerk of the Department of Agriculture to be entitled to reimbursement for the expense incurred by him in furnishing the bond required by statute, there must exist some statutory provision for the allowance and payment of the same.

Since there is no provision of the statutes or specific item in the appropriation bill, contemplating reimbursement by the State to the Chief Clerk of the Department of Agriculture for the expenses incurred by him in furnishing the official bond required by law, you are advised that such bond premium cannot be regarded as a contingent item of expense lawfully to be incurred by the Department, and, therefore, such bond premium may not be paid by the Departmentof Agriculture out of its contingent expense fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ R.W. Fairchild
R.W. Fairchild
Assistant

RWF:pbp:wc


APPROVED APRIL 1, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/ BWB Chairman