

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 15, 1950

Hon. Moyne L. Kelly, Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. V-1056.

Re: The legality of paying
the travel expense of
State employed doctors
and nurses attending
schools and clinics.

Dear Sir:

Reference is made to your recent request which reads in part as follows:

"Section 14 of H. B. No. 321, Acts 51st Legislature, R.S. 1949, provides as follows:

"'Leaves for Courses of Study. The Board may allow physicians, registered nurses, and other professional employees a reasonable time without loss of salary to attend recognized schools and clinics conducted by approved schools and associations.'

"The above provision was undoubtedly intended to be a re-enactment of subsection (d) of Section 3, S.B. No. 374, Acts 50th Legislature, upon which latter provision your Opinion No. V-451 was handed down on December 11, 1947. Recently, some of our Superintendents have interpreted Opinion No. V-451 to mean that they are entitled to reimbursement for expenses incurred in traveling to and from medical schools they have chosen to attend, plus room and board while there, and tuition expenses. . . .

"Your opinion on this question of whether or not we can pay any or all of the following expenses under Section 14 is requested: (1) travel to and from the

medical school; (2) room and board while attending school; and (3) tuition expenses."

In Attorney General Opinion No. V-451, in which a similar provision was under consideration, it was held that the attendance of such schools by the doctors of State hospitals was State's business.

Section 8 of House Bill 321, Acts 51st Leg., R. S. 1949, ch.553, p.1070 (Appropriations - State Hospitals and Special Schools) provides in part:

"Traveling Expenses:   (a)  Reimbursement for expenses incurred during travel on State business shall be made under rules and regulations promulgated by the Board, provided however that in no case shall allowances for mileage on personal cars and per diem allowances exceed the maximums allowed in the departmental appropriation bill, and further provided that reimbursement shall not be allowed for items not customarily allowed by the Comptroller of Public Accounts.

"(b)  All railroad and other transportation shall be paid in cash and properly listed in expense accounts rendered. Tax exemption certificates for transportation shall be used in all cases where the State is exempt from the payment of Government tax under Federal provisions, and such state official or employee shall be required to obtain such tax exemption certificates from transportation company before incurring the expense and shall not be entitled to a refund of same on his expense account."

Subdivisions f and g of Subsection (12) of Section 2 of House Bill 322, Acts 51st Leg., R.S. 1949, ch. 615, p.1208 (departmental appropriation bill) provide in part:

"f.  Unless otherwise specifically provided by the Statutes, it is provided that any officer or employee who travels on official State business and who used his own car while so doing shall be reimbursed for the use of said car on the basis of the total mileage traveled during any calendar month

at the following rate: Six cents (6¢) per
mile for the first thousand (1,000) miles
traveled and five cents (5¢) per mile for
each mile traveled in excess of one thou-
sand (1,000) miles. . . .

"g.  All employees traveling at the ex-
pense of the State are hereby limited to the
amount of Four Dollars ($4) per day for meals
and a total of Six Dollars ($6) per day for
meals and lodging, it being specifically pro-
vided that the employees shall obtain receipts
for all items of expense claimed except meals,
and shall file such receipts with their duly
itemized and sworn expense accounts; . . ."

Since the attendance by physicians, registered
nurses, and other professional employees of the State
eleemosynary institutions of recognized schools and clin-
ics conducted by approved schools and associations is
State's business and in view of the foregoing statutes,
it is our opinion that the Board for Texas State Hospi-
tals and Special Schools is authorized to pay travel ex-
pense to and from the medical schools as well as the
expense of room and board while attending such schools.
However, such expense is limited to not exceeding the
maximums allowed under the Departmental Appropriation
Bill.

While we have mentioned specific provisions
for salary and travel expense payments while carrying
out assigned duties such as these, there is no provision
of general statute or in the current appropriation bill
authorizing reimbursement to the physicians, registered
nurses, and other professional employees of the State
eleemosynary institutions for tuition paid by them to
such schools.

It is the rule that an officer or employee is
allowed only such compensation and emoluments as are ex-
pressly conferred upon him as remuneration for the dis-
charge of his official duties as an agent of the State.
McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W.654
(1922).  It follows that any public officer or agent who
demands expenses must point out some statute authorizing
its allowance.  It is therefore apparent that in order
for the physicians, registered nurses, and other profes-
sional employees of the State eleemosynary institutions
to be entitled to reimbursement for the expense of tui-
tion incurred by them in attending recognized schools,

there must exist some statutory provision for the allowance and payment of the same.

Since there is no provision in the statutes or specific item in the appropriation bill contemplating reimbursement by the State for such expenditure, you are respectfully advised that the expense incurred for such tuition by the physicians, registered nurses, and employees of the State eleemosynary institutions may not be paid.

## SUMMARY

The Board for Texas State Hospitals and Special Schools is authorized to pay the travel expense to and from medical schools as well as room and board of physicians, registered nurses, and other professional employees of the State eleemosynary institutions while attending such schools conducted by approved schools and associations. A.G. Opinion V-451; H.B. 321, Acts 51st Leg., R.S. 1949, ch.553, p.1070. However, there is no authority for the payment of any tuition to such schools.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By

Bruce Allen
Assistant

Joe Greenhill
First Assistant

BA:mw