

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 28, 1952

Hon. G. E. Brereton, M.D., President
Board of Vocational
Nurse Examiners
Austin, Texas

Opinion No. V-1515

Re: Legality of paying surety
bond premiums from funds
appropriated to the Board of
Vocational Nurse Examiners.

Dear Sir:

Your request for an opinion of this office relates to the legality of expending funds of the Board of Vocational Nurse Examiners in payment of premiums on surety bonds for the Secretary-Treasurer and office personnel.

House Bill 47, Acts 52nd Leg., R.S. 1951 ch. 118, p. 197 created the Board of Vocational Nurse Examiners and the last sentence of Section 4 (b) thereof states that "the Secretary-Treasurer shall be bonded by the Board in such amount as may be recommended by the State Auditor."

In Attorney General's Opinion 0-2092 (1940) this office said:

". . . in order for the Chief Clerk of the Department of Agriculture to be entitled to reimbursement for the expense incurred by him in furnishing the bond required by statute, there must exist some statutory provision for the allowance and payment of the same."

In Attorney General's Opinion 0-3032 (1941) it was said:

"This Act makes it the duty of the inspectors to furnish bonds. There is no provision in the statutes or in the current appropriation bill providing for reimbursement to the inspector for the expenses in-

curred by him in furnishing the bond required
by the statute.

"It is the rule that an officer or agent
of the State is allowed only such compensa-
tion and emoluments as are expressly con-
ferred upon him as remuneration for the dis-
charge of his official duties as an agent of
the State. McCalla v. City of Rockdale, 112
Tex. 209, 246 S.W. 654. It follows that any
public officer or agent who demands mileage,
fees or expenses must point out some statute
authorizing its allowance. Where a duty re-
quiring an expenditure of money is imposed
upon a public officer or agent, and no pro-
vision is made for reimbursement to this of-
ficer by the State for the expenses incurred,
such officer or agent is deemed to be repaid
for the expenses incurred in the discharge
of such duty by whatever compensation is
allowed and paid to him for his services as
such public agent."

In Attorney General's Opinion V-1255 (1951),
which related to the act under consideration, this of-
fice stated:

"Failure of the Legislature to make an
itemized appropriation in the general ap-
propriation bill for expenditures of the
Board in accordance with the proviso in
Section 13 of House Bill 47 does not affect
the availability of the appropriation made
by the general statute itself for the first
two years in which the Act is operative.
Otherwise, the intention of the Legislature
to regulate the practice of vocational nurs-
ing would be defeated."

Section 13 of House Bill 47 provides in part:

"Upon and after the effective date of
this Act, all moneys derived from fees, as-
sessments, or charges under this Act, shall
be paid by the Commission into the State
Treasury for safe-keeping, and shall by the
State Treasurer be placed in a separate fund

to be available for the use of the Commission in the administration of the Act upon requisition of the Commission. All such moneys so paid into the State Treasury are hereby specifically appropriated to the Commission for the purpose of paying the salaries and expenses of all persons employed or appointed as provided herein for the administration of this Act, and all other expenses necessary and proper for the administration of this Act, including equipment and maintenance of any supplies for such offices or quarters as the Commission may occupy, and necessary traveling expenses for the Commission or persons authorized to act for it when performing duties hereunder at the request of the Commission."

Section 13, in our opinion, is not sufficient authorization for the payment of bond premiums of the Secretary-Treasurer and office personnel in the absence of specific authorization to that effect. This opinion is to be distinguished from Opinion V-1255 inasmuch as the general statute provided sufficient authority for a general appropriation to be utilized by the Board during the biennium. Any other holding would have negatived the obvious intention of the Legislature in creating a Board of Vocational Nurse Examiners to regulate the practice of vocational nurses. But to say that such authorization contained in the general statute is sufficient to authorize payment of items such as the payment of bond premiums, which it has been held, must be specifically allowed, would be, in our opinion, beyond the realm of statutory authorization contained in Section 13 of the Act. Therefore, in answer to your specific question it is our opinion that the Board of Vocational Nurse Examiners would not be authorized to expend funds of the Board in payment of bond premiums for the Secretary-Treasurer of such board and the office personnel.

## SUMMARY

In the absence of specific authorization the Board of Vocational Nurse Examiners is not authorized to expend funds in payment of

premiums for surety bonds of the Secretary-Treasurer and office personnel of the Board.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By

Burnell Waldrep
Assistant

Charles D. Mathews
First Assistant

BW:am