

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 10, 1953

Honorable Henry Wade          Opinion No. S-83
District Attorney
Records Building             Re: Fees in Small Claims Court
Dallas, Texas

Dear Mr. Wade:

You have requested an opinion on the construc-
tion of House Bill 495 of the 53rd Legislature (Small
Claims Court). House Bill 495 of the 53rd Legislature
was enacted as Chapter 309, Acts of the 53rd Legislature,
1953, and is codified as Article 2460a, Vernon's Civil
Statutes. Your specific questions concerning Article
2460a are as follows:

"1. Section 5 of H. B. 495 provides,
'upon the filing of said affidavit and the
payment of a Two Dollar ($2) filing fee,
(underscoring ours) the judge shall issue
process in the same manner as any other
case in Justice Court. Service being by
citation served by an officer of the State
duly authorized to serve other citations.'

"a. Does the Two Dollar ($2) filing fee
constitute fees of office with respect to
the justice courts only?

"b. Is the constable entitled to his
minimum fee of One Dollar and Sixty-Five
Cents ($1.65) in serving the citation men-
tioned above?

"c. Can costs in excess of $2 filing fee
be charged with respect to:
    1. Executions of judgments?
    2. Abstracts of judgments?

"2. Are fees or costs of any kind or
character authorized to be charged in the
Small Claims Courts other than the $2.00

filing fee? If so, please enumerate such fees or costs. (The cost question is raised particularly in view of a portion of Section .13 of said Bill; 'In the event of appeal to the County Court, all costs not heretofore paid by the parties shall accrue until judgment is rendered by the County Court.' In addition, the new law is silent with respect to charge being made for cost, such as witness subpoenas, executions and abstract of judgments.)

"3. Can attendance of a witness subpoena issued by Small Claims Courts be enforced without a tender of $1.00 with such subpoena?

"4. Will mere docket entry setting out the essential findings of the Court constitute a legal judgment, or shall such judgment be in formal legal form?

"5. Is a court issued citation what is referred to as 'Notice and Order to Appear' in Section #6 of said new law?"

Article 2460a creates new courts in this State, prescribes their jurisdiction and venue, and provides for certain fees. Since the Small Claims Court is a new court created by the Legislature fees provided for other courts such as the Justice Courts are not applicable to the Small Claims Court.

It is well settled that unless a fee is provided by law for an official service required to be performed and the amount of fee fixed by law none can be lawfully charged. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); Nueces County v. Currington, 139 Tex. 297, 162 S.W.2d 687 (1942); Att'y Gen. Ops. O-773 (1939), O-4636 (1942). Furthermore, an officer may be required by law to perform specific services for which no compensation is provided. McCalla v. City of Rockdale, supra.

The emergency clause of House Bill 495, 53rd Legislature, states that because many citizens are denied justice because of the present expenses and delay of

of litigation creates an emergency. Therefore, one of the main purposes in creating the Small Claims Courts was to reduce the cost of litigation.

In view of the foregoing and with the Legislature's intent in mind we answer your questions as follows:

1. (a) The $2.00 filing fee constitutes a fee of office with respect to the Small Claims Court only (not the Justice Courts).

(b) Since no fee is provided for the issuance of citations in the Small Claims Court a constable is not entitled to any fee for service of citations.

(c) No costs in excess of the $2.00 filing fee and the $3.00 jury fee may be charged.

2. Section 5 of Article 2460a provides for the payment of a $2.00 filing fee. Section 11 provides:

"If either party desires a trial by jury he shall, at least one (1) calendar day prior to the date upon which the hearing is to be held, file with the Small Claims Court a request for a trial by jury, depositing with the judge, at the time such request is filed, a jury fee of Three Dollars ($3). Thereupon, a jury shall be had as in other civil cases in the justice courts."

No fee or cost of any kind or character is authorized to be charged in the Small Claims Court other than the $2.00 filing fee and the $3.00 jury fee.

3. Section 9 of Article 2460a provides:

"In every case before the Small Claims Court, it shall be the duty of the judge to develop all of the facts in the particular case. In the exercise of this duty, the judge may propound any question of any witness or party to the suit or upon his own motion may summon any party to appear as a witness in the suit as, in the discretion of the judge, appears necessary to effect a correct judgment and speedily dispose of such case."

Since no fee is provided for the issuance of a subpoena by the Small Claims Court the witness may be subpoenaed without tender of any fee.

4. The docket entry setting out the court's judgment will constitute a legal judgment in the Small Claims Court.

5. the phrase "Notice and Order to Appear" means a court issued citation provided for in Section 5 of Article 2460a.

## SUMMARY

House Bill 495 of the 53rd Legislature enacted as Chapter 309, 53rd Legislature, 1953, and codified as Article 2460a, Vernon's Civil Statutes, create Small Claims Courts and the only fees that may be charged for litigation in such court are (1) $2.00 filing fee, and (2) a $3.00 jury fee if either party desires a trial by jury in such court.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willia E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am

By John Reeves
John Reeves
Assistant