

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Affirmed by _W.W.-188_

March 2, 1953

Hon. H. A. Beckwith
Chairman
Board of Water Engineers
Austin, Texas

Opinion No. S-14

Re: Disposition of deposit
for costs made with the
Board of Water Engineers
under authority of Arti-
cle 7880-21, V.C.S.

Dear Sir:

Your opinion request asks for interpretation
of Article 7880-21, V.C.S., a portion of which reads as
follows:

". . . A petition to be filed with said
Board must be accompanied by a money deposit
of Two Hundred and Fifty ($250.00) Dollars to
pay all costs which may be incurred in such
proceedings: After the payment of such costs
any unexpended balance must be repaid to peti-
tioners, or to their attorney of record, whose
receipt therefor shall be sufficient. . . ."

The article further provides that when an appeal
is perfected from the Board's decision, "the party ap-
pellant shall pay the actual cost of the transcript of
the record, which shall be assessed as part of the costs
incurred on such appeal."

Your letter, after quoting said statute, reads
as follows:

"In processing applications for the
creation of water control and improvement
districts under said statute and under Arti-
cle 7880-3a, VACS, we would like your op-
inion in answer to the following questions:

"1.  In computing the '<u>costs which</u>
<u>may be incurred in such proceed-</u>
<u>ings</u>', in each case wherein a peti-
tion is made under the above statute,
can this Board figure in the time
of its employees in the handling of
the petition, the time spent by the
Board members and any other expenses
of this office relative to the pro-
cessing of said individual petition?

2.  If so, can the money thus paid out
of the cost deposit by the Board to
itself be expended by the Board as lo-
cal funds, or must same be placed in
the general revenue fund of the State
at the conclusion of the proceeding?

3.  If such money constitutes local funds,
may the present procedure of placing
these funds in a local bank be con-
tinued, and can the Board make expen-
ditures therefrom?

4.  For what specific purposes may the
Board expend the money thus received?

5.  Can we compute and collect our costs
against the costs deposits now on hand
which have not been returned?

"For many years, the Board of Water Engineers
has returned this deposit, except for actual ex-
penses of travel and other items incident to the
investigation of the district, which have been de-
ducted and paid on sworn accounts in the same
manner and with the same detail used in present-
ing claims against appropriated funds. The new
proposal has been suggested by one member of the
Board, and your opinion is desired as to the pro-
cedure to be followed in connection with the
handling of the deposit."

In <u>Moore v. Sheppard</u>, 144 Tex. 537, 192 S.W.2d 559,
561 (1946), the following is said concerning official fees:

"That the fixing of official fees is a
matter of general legislation, and is a 'sub-
ject' of general legislation within the mean-
ing of Article III, Section 35, above, cannot

be questioned.  There are many such
enactments in our statutes.  These
statutes have been strictly construed
against allowing a fee by implication,
as regards both the fixing of the fee
and the officer entitled thereto.
McLennan County v. Boggess, 104 Tex. 311,
137 S.W. 346. . . And in State v. Moore,
57 Tex. 307 . . . Mr. Justice Stayton
said: 'It is not believed that any well
considered case can be found in which a
public officer has been permitted to col-
lect fees unless the same are provided
for, and the amount thereof declared by
law.'"    (Emphasis added.)

To the same effect, see McCalla v. City of Rock-
dale, 112 Tex. 209, 246 S.W. 654 (1922); Nueces County v.
Currington, 139 Tex. 297, 162 S.W.2d 687 (1942); 9 Tex.Jur.
250; 14 C.J.S. 1224.

In the second paragraph of Article 7880-21,
V.C.S., provision is made for a charge for a transcript
of the record in the event of an appeal.  This article
deals with water control and improvement districts.  The
general fee statute under which the Board of Water En-
gineers operates is Article 7532, V.C.S.  The fee schedule
set out in that article is self-explanatory.  These arti-
cles are the only statutes authorizing a charge to be made
in connection with the creation of a water control and
improvement district; and where no appeal is taken, Arti-
cle 7532 alone is applicable.  It makes no provision
for a charge for time spent by Board members or employees,
and hence none can be made.  The only office expenses
authorized to be charged against the petitioners' deposit
are those specifically itemized in Article 7532, plus, in
the event of an appeal, the aforesaid transcript fee.

It follows from the above that items of travel
and investigation expenses referred to in the last para-
graph of your letter may not be charged against the de-
posit.  Article 7490, V.C.S., states that travel expenses
shall be received "from the State," and provision there-
for is made for your agency in the general appropriation
bill for the current biennium.

Your second and third questions are governed
by Article 7533, V.C.S., which reads as follows:

"The fees and charges collected in accordance with the provisions of this chapter shall be immediately deposited in the State Treasury to the credit of the general revenue and full and detailed verified monthly and annual reports of all such receipts, as well as of the expenditures of the said Board, shall be filed with the Comptroller of Public Accounts."

It is clear from this article that fees earned under Articles 7532 and 7880-21 must "be immediately deposited in the State Treasury to the credit of the general revenue" and cannot be expended by the Board as local funds.

Article 7880-21 provides that after payment of costs, the unexpended balance is to be returned to petitioners or their attorney of record. Since the amount of the costs cannot be finally determined until the conclusion of the proceeding, the refund should be made at that time. If you have on hand any deposits made under Article 7880-21, concerning which the proceedings have been finally concluded, you should deduct from such deposit the earned fees, as above stated, and deposit same in the State Treasury to the credit of the general revenue, refunding the balance of the deposit to the petitioners or their attorney of record.

The conclusions herein expressed deal only with deposits made under the authority of Article 7880-21.

## SUMMARY

The Board of Water Engineers may deduct from the deposit made under Article 7880-21, V.C.S., only the fees or costs specifically itemized in Article 7532, V.C.S., and the transcript fee provided in Article 7880-21 in the event of an appeal. These fees or costs when

earned cannot be expended by the
Board as local funds, but they must be
deposited immediately in the State
Treasury to the credit of the general
revenue. At the conclusion of the
proceedings, the balance of the deposit
should be refunded to the petitioners
or their attorney of record.

APPROVED:                          Yours very truly,

Jesse P. Luton, Jr.                JOHN BEN SHEPPERD
Land Division                      Attorney General

Willis G. Gresham
Reviewer

Robert S. Trotti                   J. Arthur Sandlin
First Assistant                          Assistant

John Ben Shepperd
Attorney General


JAS:bt