

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 18, 1971

Honorable Enrique H. Pena
County Attorney
Room 201, City-County Building
El Paso, Texas   79901

Opinion No. M-794

Re: Fees for hearings before
a Justice of the Peace
for revocation of driver's
license   pursuant to
Article 6687b, Section 22,
Vernon's Civil Statutes.

Dear Mr. Pena:

In your request for our opinion you ask what fees, if any, are payable to a Justice of the Peace for conducting hearings on the revocation of driver's license   under Article 6687b, Section 22, Vernon's Civil Statutes:

"... the answer sought is not whether the Department of Public Safety is authorized to pay, but rather whether any agency, political subdivision, or person, is obligated to pay a fee to a Justice of the Peace hearing these cases. And if the Justice of the Peace is entitled to a fee, whom does he look to for payment?"

The legislature has provided in Article 6687b, Section 22, for hearings on the revocation of driver's license   to be held before a mayor, the judge of the police court, or a Justice of the Peace.  These hearings have been viewed as administrative rather than criminal in nature.  Texas Department of Public Safety v. Cox, 279 S.W.2d 661 (Tex.Civ.App. 1955, error ref. n.r.e.); 7 Tex.Jur.2d 340, Automobiles, Sec. 32.  Article 6687b makes no provisions for the payment of fees by the Department of Public Safety or other state agency or anyone else to the Justice of the Peace for conducting hearings pursuant to Section 22.  This office has previously held that the Department of Public Safety is not authorized to pay court costs for these hearings.  Attorney General's Opinion No. V-554 (1948).

-3858-

A public officer, such as a Justice of the Peace, is entitled only to those fees prescribed by law. When the legislature imposes upon an officer an additional duty, such as the hearings under Section 22 of Article 6687b, without providing additional compensation, the officer must perform the duty without extra compensation. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); 47 Tex. Jur.2d 213, 227-228, Public Officers, Sec. 168, 177; Attorney General's Opinion No. V-554 (1948). No statutory authority provides for the payment of any fees for the administrative hearings in question. We therefore are of the opinion that a Justice of the Peace is not entitled to an extra fee for conducting the adminstrative hearings in question.

## S U M M A R Y

A Justice of the Peace is not entitled to any fee for conducting administrative hearings on the revocation or suspension of driver's license pursuant to Article 6687b, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Jerry Roberts
Sally Phillips
Steve Hollahan

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General