

# The Attorney General of Texas

March 16, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713-228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jerome Chapman
Texas Department of Human
  Resources
John H. Reagan Building
Austin, Texas 78701

Opinion No. MW-5

Re: Whether the Department of Human Resources and a county which jointly operate an infant adoption program may charge fees.

Dear Mr. Chapman:

You have requested our opinion regarding the collection of adoption fees which are assessed in the infant adoption program operated jointly by the Texas Department of Human Resources and the Bell County Welfare Board. Child Welfare Boards are appointed by the county commissioners courts for the purpose of improving the health, education and welfare of children in the state. V.T.C.S. art. 695a, § 4. The local boards are entities of the Department of Human Resources "for the purposes of providing coordinated state and local public welfare services for children and their families and coordinated utilization of federal, state, and local funds for these services." Id. § 4(c). The Department of Human Resources has the duty to "[a]dminister or supervise all child welfare service, except as otherwise provided for by law." V.T.C.S. art. 695c, § 4(2). Adopting parents have been charged a fee amounting to 7% of their income. The proceeds of the fees are used generally to underwrite the expenses of the adoption program.

There is no statutory authority for either the Department of Human Resources or Bell County to collect payments from adopting parents, whether such payments are characterized as a fee or reimbursement of government costs. In the absence of specific statutory authorization, the state or county may not assess fees. Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942); McCalla v. City of Rockdale, 246 S.W. 654 (Tex. 1922); Attorney General Opinions H-1302 (1978); H-1052, H-990 (1977); H-702, H-647 (1975); H-443 (1974); WW-1482 (1962); V-1236 (1951); V-744 (1948); V.T.C.S. art. 5139zz, § 9 (adoption investigation fee permitted in Orange County).

## SUMMARY

Neither Bell County nor the Texas Department of Human Resources has authority to assess adoption fees.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
David Young
Bruce Youngblood