## Ex Parte C. S. Griffis.

No. 21409. Delivered December 4, 1940.

The opinion states the case.

*Fred Harris* and *Gordon Hall*, both of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Relator was held by the Sheriff of Collin County under a capias pro fine issued out of Justice Court Precinct No. 1 of said county. Upon petition of relator averring that he was being illegally held because of certain fees improperly charged against him in behalf of the constable of said justice precinct the Hon. Tom Suggs, Judge of the 59th District Court issued a writ of habeas corpus, and upon a hearing relieved relator of all the costs charged against him in favor of the constable save one dollar taxed for a "release," and remanded relator to the custody of the sheriff until said sum was paid. This is an appeal from said order.

Relator was stopped on the highway by Highway Patrolmen and given a ticket for violating the "speed law." The ticket directed relator to appear before the Justice of the Peace at McKinney, Collin County, Texas, on March 23, 1939, to answer to a charge of "speeding." Relator signed the ticket and proceeded on his journey. Complaint was filed against relator on the "speeding" charge by one of the Highway Patrolmen. Two or three days before March 23, 1939, relator went before the Justice of the Peace and entered a plea of guilty and was fined one dollar and costs. Among the items of cost taxed was the one dollar for a "release" which item is here involved. The total fine and costs amounted to $13.30. Relator did not pay the fine and costs but made arrangements with someone to let him pay it by installments. It is uncertain just who agreed to this arrangement. Upon that point relator testified as follows:

"* * * I did not pay my fine in full. I came in with another fellow that had a ticket that he got the next day and we got in my car and came to McKinney here, and asked *them* if we could pay it a little at a time instead of all at one time. We put the proposition up to *them* that we didn't have it all at one time and asked a courtesy of *them* that we would like to have it

made payable a little at a time. I was permitted to do that. Until this capias pro fine was issued, I thought I had paid my fine in full, but according to the papers up there, I haven't. * * *" We gather from the record that the payments made by relator were to the Justice of the Peace by money order.

There was a sharp issue drawn on the habeas corpus hearing as to whether the constable was present with the patrolmen when relator was stopped and given the ticket. We regard that question as purely incidental here, as the trial judge struck out the arresting fee which had been taxed for the constable.

Article 792 P. C. as amended in 1923 (38th Leg.) provides that a person arrested for speeding *shall be released from custody* upon his promise in writing to appear before a designated court at a time specified. Relator when arrested signed such a written promise and was permitted to go on his way. The "release" here mentioned is not the one contemplated in Art. 1065 C. C. P. which provides in Subdivision 5 of said article that there may be taxed as costs in favor of peace officers: "For each commitment or release, one dollar."

The judgment entered by the Justice of the Peace against relator upon his plea of guilty is not before us. We will assume that it complied with Art. 917 C. C. P., which reads as follows:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same."

As we understand the statute the "release" for which the sheriff or constable may have the item of one dollar charged against an accused is the "release" from the judgment directing that he remain in the officer's custody until the fine and costs are paid.

If relator had been placed in custody of the constable until the fine and costs were paid, and the constable had agreed that relator might go at large and pay same by installments, he could not defeat the charge of one dollar for "release" because the constable had favored him with the courtesy mentioned. (We are not discussing or considering the right of the officer to make such an agreement.)

The issue as to whether relator was properly chargeable with the one dollar for "release" turns upon the question of

whether relator was ever in the constable's custody under the judgment. Relator and his friend Mr. Gobler, who was also arrested for speeding and given a ticket at the same time as relator, both testified upon the habeas corpus hearing that the constable was not with the Highway Patrolmen when the detention occurred on March 18th. Neither of the patrolmen testified. Both relator and Mr. Gobler testified in substance that the constable was not present when the pleas of guilty were entered in the justice court. It will be remembered that the arrests occurred on March 18th; the pleas of guilty were entered in the justice court about March 20th or 21st. The habeas corpus hearing was on October 14th. The testimony of the constable on the habeas corpus hearing seems to make it clear that relator was never placed in his (the constable's) custody to enforce the judgment. He testified: "The only time I have ever seen him (the relator) since March 18, 1939, up to the present was on Saturday of this month, on the 12th I believe it was. I had not seen him over that period of time." If the constable had not seen relator between March 18 and October 12 it seems certain that he did not take custody of relator at the time and by virtue of the judgment under the plea of guilty.

Article 1011 C. C. P. reads: "* * * No item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law."

If the constable never had custody of relator under the judgment he could not release him from a custody which he never had. Therefore, we conclude that relator was improperly held for payment of the one dollar in question.

It appeared from the evidence that relator in addition to the one dollar in question owed a balance on the fine and costs of twenty cents, about which there was no controversy. Upon the habeas corpus hearing relater was remanded until he paid said twenty cents and the one dollar in question.

It is now directed by us that upon payment of the twenty cents relator be discharged.