

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXIXWILSON
ATTORNEY GENERAL

Honorable Earl L. Coleman
County Attorney
Denton County
Denton, Texas

Limited by Ex Parte Griffis
145 S.W. 2d 192

Dear Sir:

Opinion No. 0-3353
Re: Fees of a constable or his deputy
under the facts stated.

Your recent request for an opinion of this department
on the questions as are herein stated has been received.

We quote from your letter as follows:

"We have in this County a constable, duly
elected and qualified, and he has appointed a
deputy Constable to act for him as provided by
law. The deputy Constable has been duly appoint-
ed, such appointment has been confirmed by the
Commissioners Court as provided by law and he
has taken the oath of office. The Constable
and his deputy acting as such have made a large
number of arrests for speeding, both of resi-
dents of this County and State and of residents
of other States which happen to be violating
the speeding law while traveling through said
Constable's precinct. The constable and his
deputy follow the car sought and if they think
the driver is going in excess of the speed
limit they overtake him if possible and then
give him a ticket or summons to appear before
said Justice of the Peace at a specified time
named in said notice and/or summons. The speed-
er then appears voluntarily before the justice
of the peace at, on or before the date required
by said summons and enters a plea of guilty to
said charge andstates that he wants to pay the
fine; or in some instances the Justice of the
peace rides in the car; and carries his com-
plaint forms along with the Constable and his
deputy and when the Constable overtakes the
speeder the complaint is made out, signed and a
plea of guilty taken there on the scene and the
man is fined. Also in some instances the speed-

er or accused, states to the Constable that he might as well go ahead then and dispose of the case and immediately accompanies the officer to the justice of the peace's office, enters the office and enters a plea of guilty to the charge without a warrant ever being issued.

"There are four questions that I desire your Department's opinion on, which are as follows:

"1. Where the Constable or his deputy overtakes the accused, gives him a summons and the accused agrees to appear at the time stated, and does appear on or before said date and enters a plea of guilty, and a warrant doesn't have to be issued for his arrest, does the original apprehension and the giving of the ticket constitute an arrest such as to entitle the Constable or deputy to an arrest fee; and/or mileage; and/or release fee; and/or committment fee in the event a committment is issued and the defendant is committed to jail in default of payment of the fine?

"Question No. 2. Where the Justice of the peace is riding with the constable or his deputy when the accused is overtaken; and a complaint is filed then and there on the scene of the arrest and the defendant enters a plea of guilty, does such action constitute that kind of trial authorized and provided for by the laws of this state and does the Justice of the peace have the authority to so accept said plea of guilty under such circumstances and fine the man?

"Question No. 3. If you answer the above question Number 2 in the affirmative and say that such action is valid, then what fees, if any, would the Constable or his deputy be entitled to?

"Question No. 4. In the event the Constable or deputy gives the accused a ticket for speeding and the defendant desires to and does go right then forthwith to the justice of the peace at his office and enters a plea of guilty, what fees would the Constable or his deputy be entitled to, if any?"

Article 1065, Code of Criminal Procedure, allows the sheriff or other peace officer performing the same services in

misdemeanor cases certain fees for the definite services named therein, to be taxed against defendant on conviction.

This department held in opinion No. 0-317 "that a sheriff, constable or deputy of either, may make an arrest without a warrant for the violation of the highway laws of this State."

It is necessary that we bear in mind the fact that the fee statutes are strictly construed and fees by implication are not permitted. It is a very settled matter that the constable, who is compensated on a fee basis, is not entitled to any fee at all in a misdemeanor case unless a conviction is obtained. (Texas Jurisprudence, Vol. 34, p. 456; McCalla v. City of Rockdale, 246 S.W. 654.)

Article 1011, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"No item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law."

Article 792, Vernon's Annotated Penal Code, reads as follows:

"In case of any person arrested for violation of the preceding articles relating to speed of vehicles, unless such person so arrested shall demand that he be taken forthwith before a court of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurisdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof, and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person wilfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be fined not less than five nor more than two hundred dollars."

This department held in opinion No. 0-693 that "a charge of one dollar for release is a proper charge to be taxed as

costs against the defendant when a plea of guilty is entered and the fine paid immediately after the defendant is notified of the amount and no commitment is made, and the officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of one dollar for a release."

In answer to your first question you are respectfully advised that it is the opinion of this department that the constable or his deputy is entitled to an arrest fee under the above stated facts. The constable or his deputy would be entitled to a release fee as above stated, if present when the defendant pleads guilty and immediately pays his fine and costs. The constable or his deputy would not be entitled to any mileage fees. Where a commitment is issued and a defendant is committed to jail in default of payment of the fine; the constable or his deputy would be entitled to a commitment fee. The above mentioned fees for the particular services named are those as are set out by Article 1065, Code of Criminal Procedure.

Your second question is respectfully answered in the negative. Section 1 of Article 2351 of Vernon's Annotated Statutes provides:

"Each commissioners court shall:

"1. Lay off their respective counties into precincts, not less than four, and not more than eight, for the election of justices of the peace and constables, fix the times and places of holding justices courts, and shall establish places in such precincts where elections shall be held; and shall establish justices precincts and justices courts for the unorganized counties as provided by law.

" . . . . . . . "

It will be noted that the above mentioned statute charges the Commissioners' Court with the duty of fixing the times and places for holding justice courts in each precinct of the county. Article 63 of the Code of Criminal Procedure provides that justice courts may sit at any time to try criminal cases over which they have jurisdiction. Article 916, Code of Criminal Procedure, provides:

"All judgments and final orders of the justice shall be rendered in open court and entered upon his docket."

Article  901, Code of Criminal Procedure, provides:

"Proof as to the offense shall be heard
upon a plea of guilty and the punishment assessed
by the court or jury."

Although justice courts may sit at any time to try criminal cases over which they have jurisdiction, it is apparent that the Commissioners' Court is charged with the duty of fixing the place or  places for holding justice courts in both civil and criminal cases.  We do not think that the above mentioned procedure as stated in question No. 2 was ever contemplated by the Legislature.

As we have answered question No. 2 in the negative, it is not necessary to answer your third question.

In answer to your fourth question, you are respectfully advised that the constable or his deputy would be entitled to the same fees as mentioned in answer to your first question.

We are enclosing herewith copies of opinions Nos. 0-1189, 0-693 (Conference Opinion No. 3058), and 0-963.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc
Enclosure


APPROVED APR 16, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman