

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 30, 1947

Hon. Howard Traweek
County Attorney
Motley County
Matador, Texas

Opinion No. V-322

Re: Liability of a defendant,
upon final conviction in
a Justice Court, for pay-
ment of commitment or re-
lease fee, or both such
fees.

Dear Sir:

We refer to your letter of July 11, 1947, in which you ask:

"Is the sheriff entitled to the statutory
fee for commitment or/and release in a
justice court case where the defendant is
not actually committed to jail? In such
case the defendant is arrested by the sher-
iff and by him taken before the Justice of
the Peace who assesses a fine upon a plea
of guilty and then allowed the defendant
time in which to pay the fine, said arrange-
ment being agreed to by the officer. Would
the fact that the defendant should pay the
fine to the sheriff at the time of assess-
ment and receive a receipt therefor make
any difference in regard to the officer's
fees?"

Your first question presents a case in which
the sheriff arrested the defendant and took him to just-
ice court where a pecuniary judgment of conviction was
rendered against him; the justice of the peace, by agree-
ment with the sheriff, allowed the defendant time in
which to pay the judgment. Your second question presents
a case in which the fine is paid to the sheriff at the
time a pecuniary judgment is entered.

We are of the opinion that the Sheriff is not
entitled to a fee for "commitment" of a defendant unless
such defendant is confined in jail; and he is not entit-
led to a fee for giving the defendant time in which to

pay the judgment. But he is entitled to receive one dollar for final "release" of such a defendant from his custody in either case submitted by you upon payment of the judgment in full if the sheriff had custody of the defendant.

Article 917, V.C.C.P., reads:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same."

Article 787, V.C.C.P., reads:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Article 783, V.C.C.P., reads in part:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; . . ."

Article 1065, V.C.C.P., fixes the fees of the sheriff or other peace officers in misdemeanor cases; paragraph 5 reads: "For each commitment or release, one dollar."

That means one dollar for each "commitment" and one dollar for each "release". When the sheriff agreed to give the defendant time in which to pay the pecuniary judgment for the fine and costs, he and his bondsmen became responsible for the judgment. Spradley vs. State, 56 S. W. 114, writ refused. The sole responsibility was his. The action of the justice of the peace

is immaterial because such officer is not authorized to take the defendant from the custody of the sheriff, or grant time in which to pay a pecuniary judgment for a fine and costs. The defendant was not "committed" to jail; was he "released", when the fine and costs were paid?

In Ex Parte Griffis, 145 S.W. (2d) 192, the Court of Criminal Appeals construed the word "released" as used in Article 1065, V.C.C.P. and said:

"As we understand the statute the 'release' for which the sheriff or constable may have the item of one dollar charged against an accused is the 're-lease' from the judgment directing that he remain in the officer's custody until the fine and costs are paid."

Attorney General's Opinion No. 0-693 (which is conference opinion No. 3058, rendered in 1939) reads as follows:

"On February 13, 1928, this department held in a conference opinion written by Hon. H. Grady Chandler and Hon. Galloway Calhoun, Assistant Attorneys General, that a release for which a peace officer is allowed a fee of one dollar is for releasing or discharging a defendant from the force and effect of a judgment; and the fee is allowed in all cases where a defendant is convicted and discharged his fine and costs, whether under a plea of guilty or not guilty. We quote from this opinion as follows:

"'The term "release" must be construed according to its ordinary meaning. Webster's Dictionary defined release as follows:

"'To let loose again; to set free from restraint; to give liberty to or set at liberty; to let go.'

"'The dictionary also gives the word "discharge" as a synonym for "release".

"'Article 17 of the Code of Criminal
Procedure, as heretofore stated, provides
that the judgment of the justice court shall
recite that the defendant is to remain in
custody of the sheriff until the fine and
costs are paid. Articles 785, 787 and 792
provide for enforcing a judgment in all mis-
demeanor cases and make provisions for dis-
charging the defendant. The term "release",
therefore, as used in the fee bill and as
defined in the dictionary, we believe is the
same as "discharge" and the officer who dis-
charges or releases a defendant from the
force and effect of a judgment restraining
him is entitled to collect the fee of $1.00
for a release. As the judgment is the same
in all cases of conviction, whether under a
plea of guilty or a plea of not guilty, it
follows, therefore, in every case an officer
is entitled to a fee of $1.00 for a release.
But a fee is not allowed for a commitment in
every case unless the court is required to
commit the defendant to jail in default of
payment of the fine and costs or in the coun-
ty court, the defendant might be committed
to serve a jail sentence even though the
fine and costs are paid.'

"It appears that this conference opin-
ion has been followed by this department for
more than eleven years; we are unable to
find any authority to the contrary; the op-
inion appears to be based upon sound reason-
ing; we therefore, approve and follow this
opinion.

"You are therefore respectfully advised
that it is the opinion of this department that
a charge of one dollar for release is a proper
charge to be taxed as costs against the de-
fendant when a plea of guilty is entered and
the fine paid immediately after the defendant
is notified of the amount and no commitment
is made, and that the officer who discharges
or releases a defendant from the force and
effect of a judgment restraining him is en-
titled to collect the fee of one dollar for
a release."

We adhere to the opinion O-693 and enclose a copy thereof for your information.

## SUMMARY

Where a pecuniary judgment for a fine and costs, is rendered against a defendant who is present in court, the sheriff is entitled to receive one dollar under the provisions of Article 1065, V.C.C.P., for final release of the defendant from his custody when such judgment is paid in full, whether such judgment be paid at the time of its entry or at a later date. The Sheriff is not entitled to receive a fee for "commitment" in such case unless the defendant is confined in jail.   Art. 1065 V.C.C.P.; Ex Parte Griffis, 145 S.W. (2d) 192; Attorney General's Opinion No. O-693.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

APPROVED

ACTING ATTORNEY GENERAL

WTW:wb:jrb