

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 26, 1948

Hon. LaVern I. McCann
County Attorney
Hockley County
Levelland, Texas

Opinion No. V-588

Re: Fees of county tax
collector for collec-
tion of county-wide
school maintenance
tax Article 2744e-3,
Vernon's Civil Stat-
utes, as amended.

Dear Sir:

We refer to your recent letter from which we quote:

"Hockley County comes within the provisions of Art. 2744e-3, having an assessed valuation of taxable property according to the last approved tax rolls of not less than seventeen million dollars and a population according to the latest Federal Census of not more than Twenty-One persons per square mile. By proper election procedure, the people of the county expressed their approval of the County Wide Maintenance Tax and the Commissioner's Court entered its order and levied a twenty cent tax on the Hundred Dollars valuation of taxable property.

"Collection of the tax began and at this time the tax collector is withholding one-half of one percent of the amount collected as his fees of office. The rest of the tax money has been turned over to the proper schools. There is no litigation in the matter but there are some who disagree with his being entitled to the money as a fee of office. I sincerely request an opinion from your office concerning the matter. It is my opinion that he is entitled to a fee in

the collection of the tax.

"          Brief of Law

"Art. 2744e-3 Section 4 of the Re-
vised Civil Statutes states the follow-
ing:

"'It shall be the duty of the Com-
missioners Court, after such tax shall
have been voted, at the time other taxes
are levied in the county, to levy a tax
under this law of not to exceed Twenty
(20¢) Cents on the One Hundred Dollars
valuation in said county for that year.
Such taxes shall be assessed by the Tax
Assessor and collected by the Tax Assessor
as other Taxes are assessed and collected.'

"Art. 2744e-3 Section 11 of the Re-
vised Civil Statutes states the following:

"'Taxes thus levied by the Commis-
sioners Court shall be assessed and col-
lected in accordance with applicable laws.'

"It is apparent from the parts of the
sections quoted above that the tax is to
be assessed and collected in accordance
with applicable laws. From those laws the
Tax Assessor and Collector is entitled to
a fee for the collection of taxes. It
seems that Art. 3939 of the Revised Civil
Statutes as it states:

"'There shall be paid for the collec-
tion of taxes as compensation for the ser-
vices of the collector, beginning with the
first day of September of each year, five
per cent on the first ten thousand dol-
lars collected for the State, and four per
cent on the next ten thousand dollars so
collected for the State, and one per cent
on all collected over that sum; for col-
lecting the county taxes, five per cent
on the first five thousand dollars of such
taxes collected, and four per cent on the
next five thousand, and one and one-fourth
per cent on all such taxes collected over

that sum. For collecting the taxes in
all drainage districts, road district,
or other political subdivisions of the
county, the tax collector shall be paid
one-half of one per cent on all such tax
collected;'

"The tax should not be classified as
a county tax because Section 1 of Art.
2744e-3 states:

"'For the purpose of levying, assess-
ing, and collecting a school maintenance
tax and for such further administrative
functions as are set forth herein, the ter-
ritory of each of such counties is hereby
created into a School District, herein-
after described as the County-Wide Dis-
trict, the taxing power to be exercised
as hereinafter provided.'

"The territory of the county has been
created into a School district. It is my
opinion that such a School District is a
political subdivision of the county and
the tax collector of the county is entit-
led to one-half of one per cent for all
the taxes collected under this law."

The county-wide school district of Hockley
County is, as its name implies, a school district, the
boundaries of which are identical with those of the
county. It has no board of trustees and conducts no
school. Its taxes are levied by the Commissioners'
Court, assessed and collected by the county tax assess-
or collector who transmits to each school district of
the county its part of the money so collected. It was
created solely for the purpose of obtaining revenue by
taxation for the benefit of the respective school dis-
tricts in the county.

The statute (Article 2744e-3) makes no provi-
sion, specific or otherwise, for paying the county tax
assessor-collector for assessing or collecting the taxes
of the district, but imposes that duty upon him. It is
the established law of this State that an officer is not
entitled to any compensation in addition to that which
has been fixed by law for the performance of the duties
of his office, and he may be required by law to perform

specific services or discharge additional duties for which no compensation is provided.  34 Tex. Jur. p. 530, Sec. 116.

County tax assessors and collectors do receive compensation fixed by law for both assessing and collecting State, county and certain district taxes where the law specifically imposes those duties upon them and specifically fixes the compensation allowed for such service. Two classes of such districts are common and independent school districts.  See Articles 2795 and 2791, V. C. S. Other pertinent examples are: Articles 2744e, 2744e-1, and 2744e-2, V. C. S.

There are only four statutes, including the one under consideration enacted in 1947, which provide for the creation of county-wide school districts.  Each of these statutes is applicable only to those counties coming within the population and/or valuation brackets mentioned therein, and all provide for the county assessor and collector of taxes to assess and collect the taxes for the respective districts.

Each of the older statutes provides:

"The officers assessing and collecting said equalization tax shall receive therefor the same compensation as is paid for assessing and collecting school taxes in common school districts."

See Article 2744e, Section 4; Article 2744e-1, Section 4; Article 2744e-2, Section 6, V. C. S.  Said quoted provision does not appear in the statute under consideration, Article 2744e-3, V. C. S.

The pertinent part of Section 4 of Article 2744e-3 reads:

"Such taxes shall be assessed by the Tax Assessor and collected by the Tax Collector as other taxes are assessed and collected.  The money collected from said tax, shall be distributed to the various districts in such county . . . "

See Section 11 of said statute to the same effect.

In our opinion, Sections 4 and 11 of Article

2744e-3 may not properly be construed as referring and making applicable for compensation purposes the provisions of Article 3939, cited in the submitted brief. Article 3939 is a compensation statute. It is not a statute which governs the assessment and collection of taxes. It has no place among the procedural laws which are made applicable to the assessment and collection of district taxes, referred to in sections 4 and 11 of Article 2744e-3.

The courts of this State have adopted the rule of construing strictly those statutes prescribing compensation, whether fees or commissions, for public officers and against permitting fees or commissions by implication. No officer is permitted to collect fees or commissions unless the same are specifically provided for and the amount thereof declared by law. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654.

In view of the foregoing, it seems apparent that the Legislature did not intend to allow county assessors and collectors of counties in which a county-wide school district had been created under Article 2744e-3 any compensation whatever for performing the duties of assessing and collecting the taxes of such district, otherwise it would have clearly provided for such compensation as it had done in each of the three preceding similar statutes so enacted.

Accordingly, it is our opinion that no commission or compensation may be allowed the county assessor and collector of taxes for either assessing or collecting the taxes of a county-wide school district under Article 2744e-3, V. C. S.

SUMMARY

No commission or compensation may be allowed the county assessor and collector of taxes for either assessing or collecting the taxes of a county-wide school district under Article 2744e-3, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

CEO:mw