## E. HALLMAN vs. R. ·F. CAMPBELL.

SUPREME COURT,· AUSTIN TERM, 1882.

Costs of District Clerks.—The issuance, without fee, of copies of orig-inal citations, is one of the burdens devolving upon district clerks and in-cident to their office, the relief for which, if any, must be had through the legislative and not the judicial department.

Appeal from Travis county.

Opinion by Bonner, J.

This is an agreed case under the statute. E. Hallman, appellant, as district clerk, in the case of R. F. Campbell vs. George Newton, taxed in the bill of costs the sum of seventy-five cents on copy of citation to be served on the defendant, which item of cost was, on motion to retax, stricken out, and from that judgment this appeal is taken. The only question in the case is this: Are district clerks, under the Revised Statutes, entitled to a fee of seventy-five cents for copy of the citation required to be served on the defendant?

The statute in effect provides, that the clerk shall issue a citation for the defendant, and if there be several residing in different counties, one shall issue to each county. ' Rev. Stats. Arts. 12-13-14.

It is made the duty of the sheriff to serve the defendant or defendants, if within the county, with a true copy of the citation. Revised Statutes, article 1219. The statute does not prescribe by whom this true copy shall be prepared whether by the clerk or sheriff. It has long been the general practice under a statute not substantially different from the one under consideration (Pas. Dig., Arts. 1430–1433) for the clerk to prepare the copy of the citation to be served by the sheriff on the defendant. This practice we think is more conducive to the necessary accuracy and dispatch of business than if prepared by the sheriff, it being consistent with the general duties of the clerk that he prepare all proper process, and with those of the sheriff, that he execute them as thus prepared and delivered to him.

The statute, however, does not expressly give to either compensation for their service and the sheriff in the absence of a provision to that effect would not, more than the clerk, be required to perform it gratuitously. Although the statute pre-

scribing the fees for officers requires that the fee allowed the county clerk for issuing the original citation shall include that of the copy also, and the statute in regard to the fees of the district clerks does not contain a similar provision (Rev. Stats., Arts. 2389-2393) yet we do not feel authorized to infer that the Legislature thereby intended that the district clerks shall by implication be allowed fees not expressly provided for. That portion of article 2389 which allows them seventy-five cents for "each writ of citation" refers to those cases in which more than one original citation is required to be issued and not to copies of citations. In this connection, however, it is proper to remark, that to ascertain the duties of the respective officers, we should be governed by the statute prescribing their duties, rather than that in which provision is simply made for their compensation, which might or might not include all the original duties.

In our opinion, under the statute the issuance without fee of copies of the original citation is one of the burdens devolving upon district clerks and are incident to their office, the relief for which, if any, must be had through the Legislative and not the judicial department.

There being no error in the judgment the same is affirmed.