

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 14, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Sir:

Opinion No. V-1236

Re: Authority of the State
Board of Education to
fix the fee to be
charged for special
certificates for per-
sons found qualified
for special positions
in public schools.

You request an opinion on the following ques-
tion:

"May the State Board of Education include
in its regulations governing the issuance of
teaching /qualification/ certificates for spe-
cial positions a requirement that a fee of one
dollar ($1.00) be charged for each special cer-
tificate issued?"

Subdivision (3) of Section 1, Article 2922-13,
V.C.S., provides in part:

"d. Provided that school districts may
choose from the five types of special service
teacher units listed in Section 2 of Article
II of this Act, sub-section A-3, the number
of each classification that it desires, to the
extent of total eligibility for such units and
the allocation of special service teacher units
shall not preclude the assignment of classroom
teachers to special service duties. The State
Commissioner of Education shall establish quali-
fications of special service teachers and sub-
sequent to the 1949-1950 school year such qual-
ifications shall be subject to regulations made
by the State Board of Education.

"Provided further, that the special serv-
ice teacher unit allotments provided for herein
shall be made in addition to other professional
unit allotments." (Emphasis added throughout.)

Subdivision (4) of Section 1, Article 2922-13, V.C.S., provides in part:

"c. There is hereby created in the State Department of Education a Division of Special Education. There shall be appointed by the State Commissioner of Education a Director for the Division of Special Education. No person shall be employed to teach any class for exceptional children as defined in this Act unless he possesses a valid teachers certificate and, in addition thereto, such training as the State Commissioner of Education may require.

"Provided that allotments for exceptional children teacher units provided for herein shall be made in addition to other professional unit allotments."

Subdivision 5 of Section 1, Article 2922-13, V.C.S., provides in part:

"a. One (1) supervisor or counsellor unit for the first forty (40) classroom teacher units and one (1) supervisor or counsellor unit for each additional fifty (50) classroom teacher units, or major fractional part thereof. If a district is eligible for one such unit, the district may employ for such unit either a supervisor or a counsellor, but not both. If a district is eligible for two or more such units, the district may employ supervisors only, counsellors only, or a combination of the two to the extent of total eligibility. The State Commissioner of Education shall establish qualifications of supervisors and counsellors and subsequent to the 1949-1950 school year such qualifications shall be subject to regulations made by the State Board of Education."

Section 4 of Article 2654-5, V.C.S., provides:

"It shall be the duty of the State Commissioner of Education to issue teaching certificates to public school teachers and administrators and to voucher the expenses of the central educational agencies according to

the rules and regulations prescribed by the
State Board of Education. The decisions of
the State Commissioner of Education shall be
subject to review by the State Board of Edu-
cation."

You state in your request that, pursuant to
the above provisions, "the State Board of Education
has established rules and regulations which define the
requirements for administrator's certificates, certif-
icates for special service teachers, counselors, su-
pervisors, teachers of exceptional children and voca-
tional teachers in the four vocational service areas."

In McCalla v. City of Rockdale, 112 Tex. 209
246 S.W. 654, 655 (1922), it is stated:

"The courts of this state have adopted
the rule construing strictly those statutes
prescribing fees for public officers and
against permitting such fees by implication.
No officer is permitted to collect fees or
commissions unless the same are provided for
and the amount thereof declared by law. This
is true, notwithstanding such officer may be
required by law to perform specific services
for which no compensation is provided. The
obligation to perform such services is imposed
as an incident to the office, and the officer
is deemed to have engaged to perform them with-
out compensation by his acceptance thereof.
McLennan County v. Boggess, 104 Tex. 311, 315,
316, 137 S.W. 346; State v. Moore, 57 Tex. 307,
320, 321; Hallman v. Campbell, 57 Tex. 54."

It is likewise stated in Nueces County v. Cur-
rington, 139 Tex. 297, 162 S.W.2d 687, 688 (1942):

"It may be stated at the outset that
the Court of Civil Appeals correctly holds
that a fee paid a public officer for the
performance of a duty enjoined by statute is
a fee collected in an official capacity. It
is equally true that unless a fee is provided
by law for an official service required to be
performed and the amount thereof fixed by law,
none can lawfully be charged therefor."

In view of the above well-established principle of law, the State Board of Education cannot charge a fee for the issuance of teaching qualification certificates for special positions unless it has express authority prescribing the fee for the services rendered. Article 2879, V.C.S., authorizes the collection of a fee from an applicant for examination for a teacher's certificate and the collection of a fee for the issuance of such certificate. Article 2888, V.C.S., prescribes a fee for the issuance of "teachers' certificates based on college credentials from junior colleges, teachers' colleges, colleges or universities." Article 2889a, V.C.S., prescribes a fee to be charged for the issuance of "Texas Teacher's Certificate on credentials from another state." We are unable to find any provision prescribing a fee to be charged for the issuance of the teaching certificates mentioned in your request. You are therefore advised that the State Board of Education cannot prescribe a fee of $1.00 to be charged for the issuance of teaching certificates for special positions.

## SUMMARY

The State Board of Education is not authorized to charge a fee for the issuance of teaching certificates for special positions pursuant to the regulatory powers of the State Board of Education. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); Nueces County v. Currington, 139 Tex. 297, 162 S.W.2d 687 (1942).

APPROVED:

Bruce Allen
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw:gs

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant