**SINCLAIR PIPE LINE COMPANY, Appellant,**

v.

**Matilda P. PETERS et al., Appellees.**

**No. 6257.**

Court of Civil Appeals of Texas.

Beaumont.

April 9, 1959.

Davis & Phillips, Huntsville, for appellant.

Smith & Simonton, Conroe, for appellees.

McNEILL, Justice.

Appellant Sinclair Pipe Line Company brought condemnation proceedings for pipe line right of way across property belonging to appellees Matilda P. Peters and husband, Sam Fox Peters, in the county court of Montgomery County. The petition therefor was filed by appellant with the county judge of the county on March 8, 1957. By written order of the same date the county judge appointed three commissioners, each of whom executed his oath on that date. The three commissioners on this date set a hearing and issued notice for a hearing to be held on March 21, 1957. The hearing was held on March 21st and their written award was filed with the county clerk of such county on March 21, 1957.

On March 30, 1957 appellees filed their objections to the award and included therewith a verified plea in abatement which urged that appellant's cause of action be abated and dismissed on each of five grounds. Upon hearing of this plea the trial court sustained it and dismissed the cause, and this appeal resulted. In disposing of this appeal each ground of appellees said plea will be set forth and discussed separately.

■ First ground: This asserts that appellees were not granted an opportunity before the county judge appointed commissioners to agree with appellant upon the commissioners to be appointed under Sec. 2 of Article 3264, R.S.1925. This section of Article 3264 provides that in appointing commissioners, the county judge shall give preference to those agreed upon by the parties. We think the following quotation from Angier v. Balser, Tex.Civ.App., 48 S.W.2d 668, 671 (w.r.) is applicable in the instant case: "While it is true this statute provides that in appointing commissioners preference shall be given to those agreed upon by the parties, still the statutes covering the matter of appointment do not make the power of appointment dependent upon an agreement as to the personnel of the Commission between the parties. 16 Tex.Jur. 750, 751, Sec. 130." While a hearing was had on the plea, no evidence was offered by appellees that any agreement had been made as to commissioners nor had they requested the appointment of any particular commissioner. The burden rests upon the one presenting a plea in abatement, although verified, to support his plea by evidence. McDougald v. First National Bank of Beaumont, Tex.Civ.App., 239 S.W.2d 145, by this court. The first ground reflects no error.

■ Second ground: The second paragraph of the plea in abatement asserted by appellees states that the county court is without jurisdiction to hear the cause for the reason that the award of the commissioners was filed with the county clerk and that same was not filed with the county judge of Montgomery County as required by law. After this plea was filed March 30, 1957 the award of the commissioners was filed with the county judge on April 10, 1957. The hearing on the plea in abatement was held on May 27, 1958. While Article 3265, Sec. 5, R.S.1925, provides that the award shall be filed "promptly" with the county judge, we do not believe that any harm has been caused any party to this proceeding by not having filed the award with the county judge earlier than was done. The following cases

have held that it is not necessary that the award be filed with the county judge. Cox v. City of Fort Worth, Tex.Civ.App., 102 S.W.2d 504; State v. Carpenter, Tex.Civ. App., 55 S.W.2d 219, reversed on other grounds 126 Tex. 604, 89 S.W.2d 194; Thompson v. Martin County, Tex.Civ.App., 247 S.W.2d 585. Although Article 3264, R.S.1925, requires that the proceeding to condemn shall begin with a statement filed with the county judge and that the award shall be filed with the county judge under Sec. 5, Article 3265, the county judge has no official book nor record by which to keep notation of the filing of these proceedings and it is therefore reasonable that they should be turned over to the county clerk. Article 5, Sec. 20, of the State Constitution Vernon's Ann.St. provides that the county clerk shall be the clerk of the county court. Article 1942, R.S.1925, requires that the county clerk shall be the keeper of the records, books, papers, and proceedings in all civil cases in the county court, and Article 1943 succeeding, requires that he keep a fair record of all the acts done and proceedings had in this court. It is recognized that a condemnation proceeding under the articles mentioned earlier in this opinion does not become a cause to be tried until the objection to the award is filed and until such time the proceeding is under the control of the county judge and not the clerk. Hardy v. City of Throckmorton, Tex.Civ. App., 62 S.W.2d 1104, 1106; Thompson v. Martin County, supra. But unless it can be shown that a person is harmed or has been misled to his injury by the award having been filed with the county clerk instead of with the county judge, we are not willing to hold that the filing with the clerk instead of the judge is more than an irregularity. In fact it is stated in the opinion in the case of Thompson v. Martin County that the award or objections may be filed with either official. However, if we are wrong in holding that the filing of the award with the judge's clerk is sufficient, then it is our view that although

appellees' objections were filed prematurely they will be considered as filed on April 10, 1957, the date the award was filed with the judge.

■ Third ground: The third paragraph of appellees' plea in abatement asserts that since the petition in condemnation was filed not only with the county judge on March 8th, but also was filed with the county clerk on the same day that this made the action a "dedicated cause", and having been filed as such before the expiration of ten days from the date of the award the proceeding should be dismissed. The record does not indicate who presented the petition to the county clerk for filing. We can see no harm done by virtue of the county clerk's action. But in view of his duties as custodian of the papers of the county court and his custody, indexing and responsibility for records, his action should be held harmless. McIntyre v. State, Tex.Civ.App., 160 S.W.2d 1003, by this court, held that the fact that the original petition was filed with the county clerk of Montgomery County on the same day that it was filed with the county judge of said county did not affect the jurisdiction of the county court to hear and determine the cause.

■ Fourth ground: The fourth paragraph of appellees' plea in abatement urges that since the easement sought to be condemned by appellant for its pipe line right of way overlaps a pipe line easement theretofore granted by Matilda P. Peters at a time before she was the wife of Sam Peters, and since this easement is still in effect the Texas Pipe Line Company was a necessary party defendant, and not having been so made, this proceeding should be dismissed. The only evidence heard on the plea in abatement is under this ground. Both appellees testified that the proposed right of way would overlap the prior easement granted by Mrs. Peters to Texas Pipe Line Company. Austin Beach, appellant's supervisor of right of ways, testified that prior to any condemna-

tion proceedings in this matter he had contacted Texas Pipe Line Company with reference to its easement and that an agreement had been made between the two pipe line companies whereby Sinclair could, without consideration, use the overlapping portion of the right of way owned by Texas Pipe Line Company provided the use made of such portion would not conflict with use by the Texas Pipe Line Company under its easement. Appellees urge that since the prior easement granted the Texas Pipe Line Company, which is in the Statement of Facts, grants said company the right to pay an additional pipe line for an amount of money not less than that paid to appellee Matilda P. Peters at the time of the original grant of said easement, that the rights of not only Texas Pipe Line Company to lay an additional pipe line but the right of appellees herein to receive compensation therefor would be prejudiced and affected by the present proceeding. We do not understand the law to be that every part owner or a person having a claim against or interest in a tract of land should in every case be made a party defendant in condemnation proceedings, although part of the owners or persons at interest and the condemnors may not reach an agreement. Where the rights and interests between such joint owners or persons at interest in the property sought to be condemned are clear and distinct there is no reason why an agreement which may be made between the condemnor and a person having some interest or right in the premises could not be consummated, thus eliminating the requirement of making such person a party to the proceeding. In fact, the required allegation that the parties could not agree upon damages could not be made as to those with whom agreements have been reached. The record clearly indicates that the right of Sinclair to the use of the area involving the right of way of the Texas Pipe Line Company is wholly subservient to the rights therein of Texas Pipe Line Company. This, therefore, establishes an uncontroverted state of facts

from which testimony as to the value of the easement sought to be condemned as it affects appellees may be established. As appellees failed to show how they would be harmed by failure to make Texas Pipe Line Company a party this point is without merit. Isaac v. City of Houston, Tex. Civ.App., 60 S.W.2d 543; Cox v. City of Fort Worth, supra.

■ Fifth ground: The fifth paragraph of the plea in abatement asserts that the description of the lands sought to be condemned is erroneous in that said description states, "a strip of land 50 feet in width" and then continues to describe said lands in a manner so as to include a distance of 52$\frac{5}{10}$ths feet off of the north property line of appellees' land and a distance of 100 feet off of the east property line of appellees' tract. Appellees assert this was designed to mislead the commissioners in arriving at their award and that said description is in truth and fact erroneous. Attached to the petition of condemnation is a map of the Matilda Peters tract in the James Smith Survey upon which is delineated the proposed right of way. The tract appears to be in the form of a rectangle (except for the extreme northwest which has an inset corner) with its east and west lines running north and south, and the north and south lines running east and west. The proposed pipe line right of way runs southeast and northwest across the tract, its westerly line entering the east line of the tract at a point 65 feet north of the southeast corner; thence going north 29 degrees, 50 minutes west, and going out of the tract just south of the most northerly northwest corner. From the figures on this map it appears that the pipe line area would cover 52$\frac{5}{10}$ths feet of the north line, and 100 feet of the east line. It is apparent since the right of way sought does not intersect the boundary lines of appellees' property at right angles, that the sections of the lines included in the right of way would have to be longer than 50 feet. The map

clearly details the field notes and sets out the width of the right of way as 50 feet. No patent ambiguity appears and the appellees have shown no miscalculations sufficient to indicate the description is erroneous.

The order sustaining the plea in abatement is reversed and this cause is remanded.