**SINCLAIR PIPE LINE COMPANY,**
Appellant,

v.

**Lila Fultz HORTON et al., Appellees.**

No. 6258.

Court of Civil Appeals of Texas.

Beaumont.

April 9, 1959.

───────◆───────

Davis & Phillips, Huntsville, for appellant.

Smith & Simonton, Conroe, for appellees.

McNEILL, Justice.

This is a companion case to Sinclair Pipe Line Company v. Peters, Tex.Civ.App., 323 S.W.2d 651. The facts in all material particulars are similar and our opinion in that case controls this one, except the second paragraph of appellees' plea in abatement in the present case asserts that appellant failed to make a bona fide effort to agree with appellees on the amount of damages before the petition for condemnation was filed. The second point or paragraph in the plea in abatement in the Peters case to the effect that the award had not been filed with the county judge is not in the present case. The statement of facts in the present case consists of the testimony of Austin Beach, appellant's rights of way supervisor, and the easement granted by appellees to Texas Pipe Line Company, dated May 1, 1952, which is similar to the easement in the Peters case.

The only point not discussed in the Peters case is the point urged here that appellant failed to make a bona fide effort to agree with appellees as to the damages before the proceeding was instituted. This point cannot be supported for the reason that appellees offered no evidence at all on the point urged as they were required to do. McDougald v. First National Bank of Beaumont, Tex.Civ.App., 239 S.W.2d 145, by this court.

The order sustaining the plea in abatement is reversed and this cause is remanded.