

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 3, 1960

Mr. Bill Thomas
County Attorney
Taylor County
Abilene, Texas

Opinion No. WW-956

Re: Whether or not Rule 42 of
Vernon's Texas Rules of
Civil Procedure, relating
to Class Actions, will
apply to Eminent Domain
proceedings.

Dear Mr. Thomas:

The essential portions of your request for an opinion are as follows:

"In conjunction with our extensive program of acquisition of rights of way through eminent domain proceedings, the problem of bringing all of the interested parties before the Court has become intensified by the fact that in numerous occasions infinite interests are held by persons unknown and if known are beyond the Jurisdiction of our Court; therefore, I respectfully request your opinion as to whether or not Rule 42 of Vernon's Texas Rules of Civil Procedure, which relates to Class Actions, will apply to eminent domain proceedings."

Your request calls for a construction of Rule 42.

Rule 42 is titled "class actions" and provides that under certain conditions when persons constituting a class are so numerous as to make it impracticable to bring them before the court, a class action may be brought dispensing with the necessity of naming and citing everyone who might be interested in the litigation.

A condemnation proceeding is unique in that it is not filed in court nor with the clerk of any court but under Article 3264, Section 1 of the Statutes, the Petition or Statement is filed with the County Judge. This is therefore a special proceeding and is in no sense a court action upon the filing of same. Article 3266, Section 6, of the Statutes provides that if either party be dissatisfied with the decision, such party may within ten days after the filing of the same with the County Judge file objections thereto in writing and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the County Court.

Mr. Bill Thomas, page 2 (WW-956).

A condemnation proceeding, then, is merely a special proceeding and does not become a cause of action or court case unless and until one of the parties is aggrieved and files objections within the ten days prescribed by the Statute.  This is clearly established by the authorities.

Texas Jurisprudence, following the Statute and the decisions, lays down the rule that objections to the award convert the proceeding into a cause of action to be tried and determined as other civil cases.  16 Tex. Jurisprudence, page 726, Section 386.

"Condemnation proceedings did not become cause to be tried until objections to the award were filed." (Emphasis added).  Sinclair v. Peters, 323 S.W.2d 651. (Beaumont C.C.A., 1959, n.w.h.)

"Filing of objections converted the condemnation proceedings into a cause of action pending in the County Court."  (Emphasis added.)  Bowie v. Ford, 300 S.W.2d 671.  (Ft. Worth C.C.A. 1957, n.w.h.)

Our Supreme Court has recently spoken on this matter and held:  "A condemnation proceeding becomes a civil case if objections to the Commissioner's Award are filed within the prescribed time."  (Emphasis added)  Pearson v. State, 315 S.W.2d 935 (Supreme Court 1958).

To the same effect are Thompson v. Martin, 247 S.W.2d 585, (El Paso C.C.A. 1952, error dism.), El Paso v. Ward, 213 S.W.2d 726, (El Paso C.C.A. 1948, n.w.h.) and other cases.

Since at the time the condemnation proceeding is filed and the parties defendant are listed, it is not a court action but only a special proceeding filed with the County Judge, Rule 42 has no application.  Part II, Rules of Civil Procedure, commencing with Rule 15 and ending with Rule 351, deal only with actions or cases in the district and county courts and have no application whatever to the special proceeding in condemnation.

It is therefore our opinion, and we so hold, that Rule 42 does not apply to condemnation proceedings and a "class action" suit is inapplicable.

S U M M A R Y

Rule 42, Rules of Civil Procedure, applies to class actions in the district and county courts and is inapplicable to the special proceeding of condemnation filed with the County Judge.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
W. Ray Scruggs
Assistant

WRS:vj

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Wm. R. Hemphill
Thomas Burrus
Larry Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore