

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 7, 1961

Mr. D. C. Greer                       Opinion No. WW-1008
State Highway Engineer
Texas Highway Department  Re:  Proper Items of Court Costs
Austin 14, Texas               for Officers in Condemnation
                               Suits

Dear Mr. Greer:

We have your letter in which you ask for an opinion as to proper items of court costs to be charged in condemnation suits. You state that you have had no difficulty in the proper payment of costs incurred in hearings before the special commissioners, but find a difference of opinion in some counties as to the proper items to be paid to officers as court costs and ask to be advised of the proper items of cost in each of the following instances:

1. Where objections are filed to the decision of the special commissioners.

2. Where the decision of the special commissioners is filed with the judge but no objections are filed thereto within the time prescribed by law.

In answering the above questions, we should first notice the nature and particular procedure to be followed in condemnation suits. Under Article 3264 V.C.S. we find the following procedure for hearings before the special commissioners.

1. The statement (or petition) is filed with the county judge.

2. The county judge appoints the special commissioners.

3. An oath is taken by the commissioners.

4. The commissioners set the time and place for hearing.

5. The commissioners issue notices to the interested parties.

6. The notices may be served by any person competent to testify.

7. The notices are returned to the commissioners.

8. The commissioners may compel attendance of witnesses, production of testimony, administer oaths, and punish for contempt, as provided by law for judges of county courts.

9. The commissioners proceed to hear the parties.

Article 3265 V.C.S. states the rule for assessing damages by the commissioners and provides that they shall reduce their decision to writing and sign and file it with the county judge.

Under Article 3266 V.C.S. the commissioners adjudge the costs and shall make a statement in writing of all the costs which have accrued and state against whom such costs have been adjudged and file such statement with the other papers.

The above constitutes everything that is required of the commissioners. We notice that only one officer is involved up to the point of filing the decision or award of the commissioners, and he is the county judge (1) with whom the petition is filed, (2) who appoints the commissioners, and (3) with whom the decision of the commissioners is filed. No duty is required of any officer other than the county judge.

If the decision or award is filed with the county clerk instead of the judge and no objection is made thereto, it is held to be sufficient. Sinclair Pipeline Company v. Peters, 323 S.W.2d 651 (Civ.App. 1959) and Cox v. City of Fort Worth, 102 S.W.2d 504 (Civ.App. 1937, error dism.). However, this is immaterial to the decision of the matter in question.

It is true that in many instances we find that for convenience, the county judge will also have the clerk file the petition, docket the case, and give it a number before the judge appoints the commissioners. However, the statutes do not require anything of the clerk up to the filing of the award with the county judge and anything that the clerk does, even under the direction or request of the county judge, is only for the convenience of the judge and parties involved. There is no provision in law for any compensation for either the judge or clerk up to the point of the filing of the award and even though the services of the clerk and judge are of benefit, yet they are not entitled to any compensation for such services up to the point mentioned. 34 Tex.Jur. 531, Public Officers, Sec. 116; Rice v. Roberts, 177 S.W. 149

(1915, error dism.); McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); and Hallman v. Campbell, 57 Tex. 54 (1882).

As noted above, Article 3266 provides for the commissioners to make a statement in writing of all the costs which have accrued. These costs are not costs of any officer, but consist only of the compensation of commissioners, the cost of serving notices, and all other matters pertaining to the hearing.

## 1. WHEN OBJECTIONS TO AWARD ARE FILED

Article 3266(6) V.C.S. provides as follows:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

It has been held that objections may be filed with the county clerk as well as with the county judge. See Henderson v. Texas Turnpike Authority, 308 S.W.2d 199 (Civ.App. 1957, error ref.).

When objections to the decision or award are filed, the condemnation proceeding for the first time becomes a civil case. See Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958), and Henderson v. Turnpike Authority, supra.

Our answer to the first question, then, is that when objections to the award or decision are filed the items of cost thereafter to be charged are the same as in any other civil case. We see no need to advise the items that are or are not properly chargeable.

## 2. WHEN NO OBJECTIONS TO AWARD ARE FILED

The following discussion applies only to cases where no objections are filed to the decision or award of the special commissioners.

The answer to the second question presents a different situation from the first one.

Article 3266(7) V.C.S. provides as follows:

"7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

It is to be noticed that there are only three things to be done in all cases, that is, the judge shall (1) cause the decision or award of the commissioners to be recorded in the minutes of the county court, (2) make the same the judgment of the court, and, if necessary, (3) issue process to enforce the judgment.

We have seen from the Pearson and Turnpike decisions, supra, if no objections to the award are filed the case never becomes a "civil case." Therefore, the fees prescribed by law for civil cases are not proper items of cost where no objections are filed. For example, the fee of the county judge of $5.00 for "each civil case" (Art. 3926) is not a proper item of cost. The library fee of $1.50 or $1.00 provided for in various statutes (V.C.S., Art. 1700a-1, et seq) to be charged in "each civil case" is not a proper item of cost. There are other fees which are not proper items of cost but we mention these two for the reason we understand that in some counties it is thought they are proper items to be charged.

We have seen under Article 3266(7) the judge is required to have the decision of the commissioners recorded in the minutes of the county court and shall make the same the judgment of the court. We believe that this means that the clerk shall (1) file the award and give it a number to distinguish it from other cases, (2) record the award in the court minutes, and (3) record the judgment in the court minutes. Since the statute requires the award to be recorded in the minutes of the court and made the judgment of the court, we believe that under Article 3930 the clerk is entitled in all cases to charge the following fees: (1) 25¢ for filing the decision or award, (2) 20¢ for each 100 words for recording the award with a minimum charge of $1.00, and (3) $1.00 for recording the judgment up to 200 words and 20¢ for each additional 100 words in excess of 200 words. Of course, if the clerk is required to furnish a certified copy of the award or judgment or do anything else, he will be authorized to charge the fee specifically prescribed by law for such services.

No fees are to be charged for any officer other than the clerk as above set out, unless it should be necessary for the judge as provided by Article 3266(7) to issue process to enforce the judgment, in which event any officer performing any duties will charge the fees authorized by law.

### SUMMARY

In condemnation suits the proper items of cost to be charged are as follows:

1. Where objections to the decision or award of the commissioners are filed, the same costs provided by law for any civil case are to be charged.

2. If no objections to the award are filed the costs which are or are not to be charged are as follows:

(a) The county clerk is entitled under Article 3930 in all cases to charge the fees provided for filing the award, recording the award, and recording the judgment of the court and such other fees for services actually performed and for which a fee is prescribed by law.

(b) The county judge is not entitled to any fee in any case.

(c) No library fee shall be charged.

(d) No other officer is entitled to any fees unless the judge issues some process to enforce the judgment of the court in which case the other officers are entitled to the fees prescribed by law.

Yours very truly,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC:ncs

Mr. D. C. Greer, Page 6 (WW-1008)

APPROVED:

OPINION COMMITTEE
W. V. GEPPERT, Chairman

J. Arthur Sandlin
Bill Allen
Elmer McVey
W. Ray Scruggs

Reviewed for the Attorney General by:
Morgan Nesbitt